UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

ROBERT ROTHMAN et al.

    Plaintiffs,

– against –

DANIEL SNYDER et al.

    Defendants,

**FILED UNDER SEAL**

Case No. _____

# MEMORADUM OF REASONING AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL ENTIRE RECORD

Plaintiffs Robert Rothman, Dwight C. Schar, and Frederick W. Smith ("**Plaintiffs**") respectfully submit this Memorandum of Reasoning and Authorities in Support of *Plaintiffs' Motion to Seal Entire Record* ("***Motion to Seal***") and, in support thereof, state as follows:

## I. Introduction

Plaintiffs are stockholders of Washington Football Inc. ("**WFI**" or the "**Company**"), which owns the National Football League ("**NFL**") team franchise in the Washington, D.C. area.[1] Plaintiffs together own 40.499% of WFI, while Daniel Snyder ("Mr. Snyder") – WFI's principal owner and Chief Executive Officer – owns 40.459% of WFI. Since 2003, each Plaintiff has owned at least 10% of WFI.

WFI's governing Second Amended Stockholders Agreement (the "**Stockholders Agreement**") expressly recognizes Plaintiffs' rights to sell their WFI stock.

---

[1] Until recently, the Washington NFL football franchise team was named the Washington Redskins. In July 2020, the franchise announced that the team temporarily will be called the Washington Football Team, until a new team name and team logo are determined.

1



The letter transmitting the Confidential Proposal unambiguously provides that (i) the Confidential Proposal itself, (ii) the terms of the Confidential Proposal, and (iii) the negotiations between the parties related to the Confidential Proposal ("**Confidential Negotiations**") must be kept strictly confidential and cannot be disclosed to third-parties. Specifically, the Confidential Proposal includes a detailed confidentiality clause which states that:

> Confidentiality. Without the other party's prior written consent, neither Purchasers nor the Sellers will disclose to any third party, or authorize any of its representatives (including, without limitation, its officers, directors, equityholders, employees, partners, members, agents, financial advisors, consultants, attorneys, accountants or other advisors (collectively, "Representatives")) to disclose, the terms of this Proposal or the fact that any discussions or negotiations are taking place between the Sellers, WFI and the Purchasers, except (i) the extent otherwise required by applicable law, (ii) to any employee, officer, director, stockholder or derivative security holder of WFI and any attorneys or advisors of the foregoing, (iii) to the extent necessary or appropriate in order to obtain approvals, or to provide notices, required under documents to which the Seller(s) is/are a party, or (iv) as necessary or appropriate in order to respond to due diligence requests of the Purchasers or their Representatives. The term "person" as used in this Proposal will be interpreted broadly to include the media and any corporation, company, group, partnership or other entity or individual.

Confidential Proposal at Section G.



Plaintiffs have brought the above-captioned matter to address Mr. Snyder's improper actions in connection with the Confidential Proposal.

## II. Applicable Law

Federal Rule of Civil Procedure 5.2 provides that "The court may order that a filing be made under seal without redaction." Rule 5.2 also provides that the court may "limit or prohibit a nonparty's remote electronic access to a document filed with the court."

This Court's Local Rule 5.11 provides that: "Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Local Rule 5.11 "endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir.1984)." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012).

This Court has specifically granted parties' motions to seal court records when the information contains confidential business-related information. *See, e.g., Jarvis v. FedEx Office & Print Servs., Inc.*, No. DKC-08-1694, 2011 WL 826796, at *10 (D. Md. Mar. 7, 2011); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012).

**III.       Discussion**

**A. Proposed Reasons Supported by Specific Factual Representations Which Justify Sealing**

The entire substance of the dispute between the parties in the above-captioned matter addresses the parties' actions related to the Confidential Proposal that was provided by a third-party to the Plaintiffs. The Confidential Proposal addresses the sale of a significant percentage of the entity which owns the Washington Football Team. The Confidential Proposal itself includes a detailed confidentiality clause which states that:

> Confidentiality. Without the other party's prior written consent, neither Purchasers nor the Sellers will disclose to any third party, or authorize any of its representatives (including, without limitation, its officers, directors, equityholders, employees, partners, members, agents, financial advisors, consultants, attorneys, accountants or other advisors (collectively, "Representatives")) to disclose, the terms of this Proposal or the fact that any discussions or negotiations are taking place between the Sellers, WFI and the Purchasers, except (i) the extent otherwise required by applicable law, (ii) to any employee, officer, director, stockholder or derivative security holder of WFI and any attorneys or advisors of the foregoing, (iii) to the extent necessary or appropriate in order to obtain approvals, or to provide notices, required under documents to which the Seller(s) is/are a party, or (iv) as necessary or appropriate in order to respond to due diligence requests of the Purchasers or their Representatives. The term "person" as used in this Proposal will be interpreted

4

broadly to include the media and any corporation, company, group, partnership or other entity or individual.

Confidential Proposal at Section G. Making the records of the above-captioned matter public would disclose the existence of the Confidential Proposal and the Confidential Negotiations. Disclosing the existence of the Confidential Proposal and/or Confidential Negotiations would breach the Confidential Proposal and risk having the entire Confidential Proposal cancelled. The Confidential Proposal should not be placed at risk of being cancelled, and the fact that the parties are engaged in the Confidential Negotiations should not be made public – to preserve the parties' contracted rights and ability to complete the Confidential Proposal. For these reasons, this Court should grant Plaintiffs' *Motion*.

### B. Alternatives to Sealing Would Not Provide Sufficient Protection

The entire subject matter of the dispute between the parties in the above-captioned matter relates to the Confidential Proposal – the terms and existence of which is confidential by the agreement between Plaintiffs and the third-party that made the Confidential Proposal. Unfortunately, there is no method for this Court to address the parties' dispute without disclosure of the Confidential Proposal and the Confidential Negotiations – all of which are confidential and contain significant private business information. As such, there do not exist any alternatives to sealing the court records in the above-captioned matter if the Plaintiffs are to seek a resolution to their dispute with Defendant before this Court. For these reasons, this Court should grant Plaintiffs' *Motion*.

### III. Requested Relief

Plaintiffs respectfully request that this Court order that the entire court record of the above-captioned matter be placed under seal by the Clerk of the Court and that the Sealed Record shall be placed in an envelope or other container which is marked sealed, subject to order of the Court.

Dated: November 13, 2020  
Bethesda, MD

Respectfully submitted,

/s/ _____

Adam L. Van Grack (D. Md. Bar No. 17976)
Theodore B. Kiviat (D. Md. Bar No. 29019)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-5027 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com
tkiviat@lvglawfirm.com


Stephen R. Neuwirth (pro hac vice pending)
Julia M. Beskin (pro hac vice pending)
Jeremy Baldoni (pro hac vice pending)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 (tel.)
(212) 849-7100 (fax)
stephenneuwirth@quinnemanuel.com
juliabeskin@quinnemanuel.com
jeremybadloni@quinnemanuel.com

Jonathan Cooper (D. Md. Bar No. 21345)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street, NW
Suite 900
Washington, DC 20005
(202) 538-8000 (tel.)
(202) 538-8100 (fax)
jonathancooper@quinnemanuel.com

*Attorneys for Plaintiffs*