# Exhibit 13

NATIONAL FOOTBALL LEAGUE
DISPUTE RESOLUTION
PROCEDURAL GUIDELINES

1. *Certification of Dispute for Arbitration.*

    1.1 A party wishing to certify a dispute for arbitration (the "Claimant") shall send the Commissioner a written request asking him to hear and decide the matter, with a copy of the request to all other directly affected persons (the "Respondents").

    1.2 The request for arbitration shall contain a description of the claim, the facts supporting it, and the relief or remedy sought, including any amounts claimed.

    1.3 Within 20 days after receipt of the request for arbitration, any Respondent shall deliver to the Commissioner, with a copy to all directly affected persons, a written statement of the general nature of the defense, and may also include a description of additional facts relevant to the dispute.

    1.4 The Respondent may include in its statement any setoffs, counterclaims or third party claims related to the request for arbitration, along with the information required in Section 1.2 above. If a counterclaim or third party claim is asserted, the Claimant or third party claim Respondent shall reply within 20 days after receipt of the counterclaim or third party claim in accordance with Section 1.3.

2. *Representation.* The parties may represent themselves or be represented or assisted by persons, including attorneys, of their choice.

3. *General Procedures.*

    3.1 The Commissioner will conduct the arbitration in a manner designed to reach a fair and prompt outcome, consistent with the circumstances of the particular dispute.

    3.2 The Commissioner may be assisted by persons from his staff in conducting arbitration proceedings, including serving as hearing officer.

    3.3 The Commissioner may impose time limits he considers reasonable on each phase of the proceeding.

    3.4 All documents or information supplied to the Commissioner by one party shall at the same time be communicated by that party to all other parties. *Ex parte* communications with the Commissioner relating to the material facts of the dispute are not permitted unless the parties and the Commissioner agree otherwise or a party is in default, as defined in Section 11 below.

EXHIBIT
A-3

NFL Dispute Resolution
Procedural Guidelines

    3.5    The parties may jointly propose alternative methods of proceeding or variations from these Guidelines in a particular arbitration, which the Commissioner may permit in his discretion.

4. *Location and Choice of Law.*

    4.1    The Commissioner may conduct hearings and other proceedings at the NFL office in New York or at any other location he deems appropriate or fair after consultation with the parties. He may conduct management conferences by telephone. Hearings may be conducted by telephone if the parties consent.

    4.2    The Commissioner will apply the substantive law, including burdens of proof, that would be applied by a court in the venue of the arbitration, unless otherwise agreed to by the parties.

5. *Management Conferences.*

    5.1    Promptly after certification of the dispute, the parties shall confer in person or by telephone for the purpose of organizing, scheduling and agreeing to procedures to expedite subsequent proceedings. The parties shall submit a joint scheduling proposal with respect to subsequent proceedings, including discovery, dispositive motions, pre-hearing memoranda, and the conduct of a hearing if necessary.

    5.2    The Commissioner may, in his discretion or at the request of a party, convene a conference, in person or by telephone, to resolve any disagreements as to the matters specified in Section 5.1, and to consider any matters that would expedite the proceedings including, for example:

        (a)    the issues to be arbitrated;

        (b)    the need for an oral hearing or whether the dispute can be resolved by written submissions;

        (c)    the date, time and estimated duration of the hearing;

        (d)    the resolution of outstanding discovery issues and establishment of discovery parameters;

        (e)    the law, standards, rules of evidence and burdens of proof that are to apply to the proceeding;

        (f)    whether the parties will submit pre-hearing and/or post-hearing memoranda;

NFL Dispute Resolution
Procedural Guidelines

    (g)    the form of any award or relief to be granted;

    (h)    the allocation of attorney's fees, costs, and the expenses of the arbitration.

6. *Discovery.*

    6.1  Consistent with the expedited nature of arbitration and the needs of the parties, the Commissioner may in his discretion or at the request of a party, permit, limit or disallow discovery, or compel a party to provide such discovery as he considers necessary to an appropriate exploration of the issues in dispute. Such discovery may include depositions, written discovery requests, as well as any other discovery adequate to arbitrate both statutory and non-statutory claims. The Commissioner is not required to apply the rules of discovery used in judicial proceeding, provided, however, that the Commissioner shall apply the attorney-client privilege and the attorney-work product doctrine.

    6.2  The Commissioner may issue orders to protect the confidentiality of proprietary information, trade secrets and other sensitive information.

7. *Resolution on Motion or Written Submissions.* The parties are encouraged to narrow the issues in dispute prior to any hearing, to stipulate to facts, and to identify those issues which may be susceptible to resolution on motion or written submissions without an oral hearing.

8. *Settlement and Mediation.* The Commissioner may suggest that the parties explore settlement or mediation, and may give such assistance in settlement negotiations or mediation as the parties may request or as he deems appropriate.

9. *Hearing.*

    9.1  The Commissioner shall determine the manner in which the parties shall present their cases. Unless otherwise determined by the Commissioner, the Claimant shall present evidence to support its claim, then the Respondent shall present evidence supporting its defense and counterclaims, if any, and then there may be opportunity for further rebuttal as appropriate. Exhibits, when offered by either party, may be received in evidence by the Commissioner.

    9.2  The Commissioner is not required to apply the rules of evidence used in judicial proceedings; provided, however, that the Commissioner shall apply the attorney-client privilege and the attorney work product doctrine.

    9.3  Witnesses may be questioned by each party and by the Commissioner. The Commissioner may receive and consider the evidence of witnesses by affidavit

NFL Dispute Resolution
Procedural Guidelines

> or deposition, but shall give such evidence only such weight as he deems it warrants after consideration of any objection made to its admission.
>
> 9.4 The Commissioner may exclude witnesses from hearings during the testimony of other witnesses or at other times if he deems it appropriate.
>
> 9.5 The hearing shall be maintained as confidential and the Commissioner may, in his discretion, issue appropriate orders to safeguard that confidentiality.
>
> 9.6 When the Commissioner is satisfied that the parties have had a reasonable opportunity to present their cases, he shall close the hearing.

10. *Post-Hearing Memoranda.* If requested or authorized by the Commissioner, the parties shall submit post-hearing memoranda summarizing the evidence and proposing findings of fact and conclusions of law.

11. *Default.* If any of the parties refuses or fails to take part in the arbitration or any stage thereof, without showing sufficient cause for such failure as determined by the Commissioner, the Commissioner may proceed with the arbitration and may resolve the dispute on the evidence before him.

12. *Interim Measures of Protection.* The Commissioner may take or require such interim measures as he deems necessary in respect of the subject matter of the dispute. If requested by a party, the Commissioner may require security for the costs of such measures. An order for interim relief is without prejudice to the rights of the parties or to the final determination of the dispute.

13. *Decision.*

    > 13.1 The award or decision resolving the dispute shall be in writing and shall set forth the factual and legal basis for the decision. The Commissioner may grant final, interim, interlocutory and partial relief, and may grant any remedy or relief that would have been available to the parties had the matter been litigated in court.
    >
    > 13.2 The decision of the Commissioner shall be final and binding on the parties, and shall be effective as of the date it is delivered to the parties to the fullest extent permitted by law. The decision may be enforced by any court of competent jurisdiction.
    >
    > 13.3 The arbitrator shall issue a written decision within 90 days of the conclusion of the hearing or the submission of post-hearing briefs, whichever occurs later. The failure of the Arbitrator to meet this or any other deadline shall not affect the validity of the arbitration award.

NFL Dispute Resolution
Procedural Guidelines

14. *Fees and Costs.* Subject to any agreement between the parties to the contrary, each party shall pay its own costs and attorneys' fees to the fullest extent permitted by law; provided that the Commissioner will have authority to award reimbursement of attorney's fees to the prevailing party in accordance with applicable law.