**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| ROBERT ROTHMAN et al.<br><br>                      Plaintiffs,<br><br>– against –<br><br>DANIEL SNYDER,<br><br>                      Defendant. | **FILED UNDER SEAL**<br><br>Case No. PJM-20-3290 |

**DECLARATION OF ROBERT ROTHMAN IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDERS**

1. I, Robert Rothman, submit this declaration in support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion for TRO/PI") and Emergency Motion for Protective Orders in the above-captioned action (the "Motion for Protective Orders").

2. Unless otherwise indicated, this declaration in based on my personal knowledge, and publicly available information. All citations to exhibits herein refer to exhibits to the Declaration of Julia M. Beskin, dated November 16, 2020, submitted with the Motion for TRO/PI and incorporated as part of the Motion for Protective Orders.

3. I am a citizen and resident of the State of Florida. I purchased 10.163% of the shares of Washington Football, Inc. ("WFI") in 2003. In 2005, I purchased an additional 5.005% of WFI shares from a third party. I am presently the legal and beneficial owner of 15.168% of the shares of WFI. I am also the Chairman and CEO of Black Diamond Capital, a private investment company that I founded in 1999.

4. Plaintiff Dwight C. Schar is a citizen and resident of Florida. Mr. Schar owns 15.168% of the shares of WFI. He purchased 10.163% of WFI directly from WFI in 2003 and an additional 5.005% from a third party in 2005. Mr. Schar is also Chairman of the Board of NVR, Inc., a publicly traded company. Plaintiff Frederick W. Smith is a citizen and resident of Tennessee. Mr. Smith owns 10.163% of the shares of WFI. He purchased his WFI shares directly from WFI in 2003. Mr. Smith is also the founder, chairman, and Chief Executive Officer of FedEx Corporation.

5. WFI is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Maryland. WFI is the corporate entity that owns

6. Defendant Daniel Snyder is a citizen and resident of Maryland. Since 2003, Mr. Snyder has owned 40.459% of the shares of WFI. Mr. Snyder is and has been at all relevant times the Chairman of the Board and CEO of WFI.

7. The other stockholders of WFI are Arlette Snyder (Mr. Snyder's mother), and Michele Snyder (Mr. Snyder's sister), who respectively hold 6.489% and 12.552% of WFI stock.

8. In 2005, WFI's stockholders entered into the Second Amended and Restated Stockholders Agreement, which remains operative today. Under the Stockholders Agreement, Mr. Snyder is the sole "Voting Stockholder." Ex. 1 (Stockholders Agreement) §§ 1(e), 5(a).

9. On May 14, 2020, Plaintiffs notified Defendant Snyder of their continued interest in collectively selling their respective ownership stakes in WFI. Ex. 2 (May 14, 2020 letter).

10. On October 16, 2020, Plaintiffs received a written proposal to acquire Plaintiffs' collective stake in WFI from certain prospective purchasers (the "Letter of Intent"). Ex. 3.

11. ███████████████████████████████████████████

12. The potential purchasers have represented that they are committed to "*execut[ing] definitive documentation promptly* ███████████████████████" Ex. 4 at 1 (emphasis in original). Completing the transaction requires business, financial, legal and tax due diligence. *Id.* at 3. Mr. Snyder's delay tactics have interrupted the due diligence process

3

necessary for the transaction to proceed, thereby diminishing the likelihood that the transaction will close.

13. The Letter of Intent provides that (i) the Letter itself; (ii) the terms of the Letter; and (iii) the negotiations between the parties related to the Letter ("Confidential Negotiations") must be kept strictly confidential and cannot be disclosed to third-parties. It is extremely important to me for the Letter of Intent and Confidential Negotiations to remain confidential because failure do to so could jeopardize the entire negotiation of a sale pursuant to the Letter of Intent. Since October 16, 2020 through today, I have kept confidential (i) all information and pleadings related to this action; (ii) the Letter of Intent; and (iii) the Confidential Negotiations.

14. On November 13, 2020, I authorized my attorneys to file a Motion to Seal the Entire Record ("Motion to Seal") in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 16, 2020.

Robert Rothman