# Exhibit 4



**BARNETT KIRKWOOD KOCHE LONG & FOSTER**

BKKL&F

LESLIE J. BARNETT
CRAIG E. BEHRENFELD
HUNTER J. BROWNLEE
CHARLES A. CARLSON
KEVIN J. DARKEN
MATTHEW L. EVANS
TODD FOSTER
MATT GODDEYNE
MICHAEL V. HARGETT
DAVID M. HEMEYER
PETER T. KIRKWOOD
DAVID L. KOCHE
VONYA Z. LANCE
VALERIE STOKER LITSCHGI
MATTHEW E. LIVESAY

THOMAS G. LONG
RACHEL ALBRITTON LUNSFORD
KRISTEN I. MELLA
MICHAEL D. MILLER
PATRICIA M. NOLAN
ANDREW W. POWELL
RICHARD W. RADKE
KIRA A. RAMIREZ
RICHARD RODRIGUEZ
VICTORIA R. ROSAS
STEVEN D. SHAPIRO
NATALIA B. SILVER
ALLISON KIRKWOOD SIMPSON
WILLIAM R. VINCENT

OF COUNSEL
MICAH G. FOGARTY
JEFFREY P. GREENBERG

TELEPHONE:
(813) 253-2020

FACSIMILE:
(813) 251-6711

ATTORNEYS AT LAW
SUITE 700
601 BAYSHORE BOULEVARD
TAMPA, FLORIDA 33606-2763

October 23, 2020

**VIA FEDERAL EXPRESS / OVERNIGHT DELIVERY**
Washington Football, Inc.
21300 Redskin Park Drive
Ashburn, VA 20147
Attention Daniel M. Snyder, Chairman and Principal Owner

    Re: <u>RSS Stockholders' Notice of Intention to Sell WFI Stock.</u>

Dear Mr. Snyder

    Pursuant to Sections 7(a) and 7(b) of the Second Amended and Restated Stockholders Agreement of Washington Football, Inc. ("WFI"), Mr. Robert Rothman, Mr. Dwight Schar, and Mr. Frederick Smith (the "RSS Stockholders") hereby notify WFI that the RSS Stockholders intend to sell the RSS Stockholders' stock in WFI pursuant to the terms specified in the attached October 16, 2020 letter.

    This Notice and the attached is being provided to you at this time to allow for the other WFI stockholders to determine, within fifteen (15) days of the date of the delivery of this Notice if the other WFI stockholders elect to exercise their right of first refusal to purchase the RSS Stockholders' stock at a purchase price equal to and on other terms substantially comparable to those specified in the attached October 16, 2020 Letter.

                      Sincerely

                      BARNETT, KIRKWOOD, KOCHE,
                      LONG & FOSTER

                      David L. Koche

DLK:jt
Enclosure
cc: RSS Stockholders



October 16, 2020

**CONFIDENTIAL**

**VIA EMAIL**

John A. Moag, Jr.  Tom Lang, Sr.
Chief Executive Officer  Vice President
Moag & Company  Moag & Company

Dear John & Tom:

On behalf of the affiliated family offices of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ we are pleased to submit this proposal (the "Proposal") regarding the acquisition of ▌▌▌▌▌▌▌▌ of Washington Football Inc. ("WFI" or the "Company") from the selling shareholders (the "Sellers"). We appreciate the effort that you and your team have exerted in helping us better understand the opportunity.

**Overview of Buyers**

1



**Proposal**



A. ▮▮

B. ▮▮

C. ▮▮

D. ▮▮

E. Legal. This Proposal is subject to satisfactory completion of confirmatory due diligence, which will include, among other items, diligence of a business, financial, legal and tax nature. Except as set forth in Section J below, the Proposal described in this letter is not intended to be and does not constitute a legally binding obligation of any party and shall not impose any liability upon the Purchasers, Sellers or WFI. A binding commitment with respect to the purchase will result only from the execution of a definitive purchase agreement and will be subject to any conditions expressed therein. Our interest in a transaction, the existence of this letter and this letter's contents are confidential and should not be disclosed to anyone outside the Sellers or WFI other than with our prior written consent.

F. Exclusive Negotiations. Upon the Seller's execution of this Proposal, the Sellers covenant and agrees, for the benefit of the Purchasers, that during the Exclusivity Period (as defined below), the Sellers will negotiate exclusively with the Purchasers and will not, and will cause its Representatives not to, directly or indirectly, solicit offers for, initiate, continue, encourage, negotiate, discuss or enter into any agreement, understanding or commitment regarding a possible transaction involving an investment, debt or equity, in WFI, the sale, license or other disposition of all or any material part of WFI or all or any material portion of WFI's assets or issued or unissued capital stock, whether by merger, recapitalization, arrangement, amalgamation, purchase of shares, purchase of assets, take-over bid or otherwise, in each case with any party other than the Purchasers, or provide or disclose any information regarding WFI, the Sellers or any of its assets in connection with such a transaction or afford access to the employees, properties, books, contracts or records of WFI in connection with such a transaction, in each case to any party other than the Purchasers, or otherwise knowingly facilitate any effort relating to such a transaction. Upon execution of this Proposal, the Sellers will, and will cause their Representatives to, cease any discussions or negotiations with respect to, or that

3

might knowingly lead to, any such transaction. During the Exclusivity Period and for the purpose of ensuring the interests of both parties to enter into a transaction prior to the expiration of the Exclusivity Period are and remain aligned during such period, the Sellers shall notify the Purchasers promptly if any offer or proposal (without need to disclose the name of the offering party) for any such transaction is received by the Sellers or any of its Representatives during the Exclusivity Period or if any such information is requested from, or any such negotiations or discussions are sought to be initiated or continued with, the Sellers or any of their Representatives, indicating the specific terms of such inquiry, proposal or offer. "Exclusivity Period" means the period beginning on the date hereof and continuing for thirty (30) days following the execution of this Proposal by the Sellers. The Exclusivity Period may be terminated by the Sellers or the Purchasers upon not less than one (1) business day's advance written notice to the other; provided that, the Exclusivity Period shall automatically be extended for subsequent one week periods in the event neither party has terminated the Exclusivity Period and the Sellers may not deliver any such termination notice prior to seven (7) business days following the execution of this Proposal unless the Purchasers have ceased active, good faith negotiations with the Sellers.

G. Confidentiality. Without the other party's prior written consent, neither Purchasers nor the Sellers will disclose to any third party, or authorize any of its representatives (including, without limitation, its officers, directors, equityholders, employees, partners, members, agents, financial advisors, consultants, attorneys, accountants or other advisors (collectively, "Representatives")) to disclose, the terms of this Proposal or the fact that any discussions or negotiations are taking place between the Sellers, WFI and the Purchasers, except (i) the extent otherwise required by applicable law, (ii) to any employee, officer, director, stockholder or derivative security holder of WFI and any attorneys or advisors of the foregoing, (iii) to the extent necessary or appropriate in order to obtain approvals, or to provide notices, required under documents to which the Seller(s) is/are a party, or (iv) as necessary or appropriate in order to respond to due diligence requests of the Purchasers or their Representatives. The term "person" as used in this Proposal will be interpreted broadly to include the media and any corporation, company, group, partnership or other entity or individual.

H.

I.

J.



4



\* \* \* \*

Sincerely,



SELLERS:

_____
Dwight Schar

_____
Frederick W. Smith

_____
Robert Rothman

SELLERS:

_____
Dwight Schar

*/s/ Frederick W. Smith*
Frederick W. Smith

_____
Robert Rothman

6