# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### *Southern Division*

| | |
|---|---|
| ROBERT ROTHMAN et al.<br><br>Plaintiffs,<br><br>– against –<br><br>DANIEL SNYDER<br><br>Defendant, | **FILED UNDER SEAL**<br><br>Case No. PJM-20-3290 |

## <u>PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDERS</u>

Plaintiffs Robert Rothman, Dwight C. Schar, and Frederick Smith ("**Plaintiffs**") respectfully submit Plaintiffs' *Emergency Motion for Protective Orders* ("***Motion for Protective Orders***") and hereby move, pursuant to Federal Rules of Civil Procedure 5.2(d)-(e) and 26, Local Rule 105.11 (D. Md), and the Court's inherent power to manage its docket, for an order restricting all parties to the above-captioned matter from revealing any information or pleadings from the above-captioned matter to any third-party in addition to sealing the entire record and all pleadings filed in the above-captioned matter which was previously requested for by Plaintiffs, and for the reasons stated herein and in the accompanying *Memorandum of Reasoning and Authorities*.

As described in Plaintiffs' *Motion to Seal the Entire Record* filed on November 13, 2020, the entire subject of the above-captioned matter addresses a confidential document ("**Confidential Document**") which has a strict confidentiality clause ("**Confidentiality Clause**").

For this reason, the entire record in the above-captioned matter is currently temporarily sealed due to the filing of Plaintiffs' *Motion to Seal Entire Case Record* on November 13, 2020 contemporaneous with the filing of Plaintiffs' Complaint.  Plaintiffs incorporate by reference

1

Plaintiffs' *Motion to Seal Entire Case Record* and that motion's *Memorandum of Reasoning and Authorities* into this instant motion.

Unfortunately, on November 13, 2020, mere hours after the initial pleadings in the above-captioned matter were provided to Defendant (including the *Motion to Seal Entire Case Record*), Plaintiffs' Complaint – *which was filed under seal at Plaintiffs' request* – was publicly disclosed to the *New York Times*.

As a result of this public disclosure of pleadings which had been filed under seal in this Court, Plaintiffs are – in addition to their pending *Motion to Seal* – further moving this Court for additional protective protections.

Plaintiffs respectfully request that this Court – in addition to sealing the entire record in the above-captioned matter – restrict all parties to the above-captioned matter from revealing any information or pleadings (which would be sealed pursuant to the Court's sealing of this matter) to any third party. Plaintiffs posit that this is necessary because pleadings and information from Plaintiffs' filings in this Court under seal were in fact revealed to the *New York Times* on November 13, 2020 and the sealing of these items was unable to prevent their dissemination to a third party.

As described in more detail within the *Memorandum of Reasoning and Authorities*, specific facts justify sealing the entire record here and restricting all parties to the above-captioned matter from revealing any information or pleadings. The Confidentiality Clause states that the Confidential Document itself, and any discussions surrounding the Confidential Document, cannot be disclosed to any third-party.

As described in more detail within the *Memorandum of Reasoning and Authorities*, no alternatives to sealing the entire court record (including protecting those documents from being disclosed and provided to third-parties) would provide sufficient protection, because the entire

subject matter of the above-captioned action addresses the Confidential Document, the contents of the Confidential Document, and the discussions between the parties regarding the Confidential Document.

For these reasons, and for the reasons described in the accompanying *Memorandum of Reasoning and Authorities*, Plaintiffs respectfully request that this Court, in addition to sealing the record pursuant to Plaintiffs' *Motion to Seal*:

(1) issue an immediate temporary Order restricting all parties from disclosing any information, pleadings and/or documents obtained in the above-captioned matter to any third-party; and

(2) issue a permanent Order restricting all parties from disclosing any information, pleadings and/or documents obtained in the above-captioned matter to any third-party.

Dated: November 16, 2020                    Respectfully submitted,
       Bethesda, MD

                                            _____/s/_____

                                            Adam L. Van Grack (D. Md. Bar No. 17976)
                                            Theodore B. Kiviat  (D. Md. Bar No. 29019)
                                            Longman & Van Grack LLC
                                            10411 Motor City Drive, Suite 750
                                            Bethesda, MD 20817
                                            (301) 291-5027 (tel.)
                                            (301) 291-5028 (fax)
                                            avangrack@lvglawfirm.com
                                            tkiviat@lvglawfirm.com

                                            Stephen R. Neuwirth (pro hac vice pending)
                                            Julia M. Beskin (pro hac vice pending)
                                            Jeremy Baldoni (pro hac vice pending)
                                            Quinn Emanuel Urquhart & Sullivan, LLP
                                            51 Madison Avenue, 22nd Floor
                                            New York, New York 10010
                                            (212) 849-7000 (tel.)
                                            (212) 849-7100 (fax)

stephenneuwirth@quinnemanuel.com
juliabeskin@quinnemanuel.com
jeremybadloni@quinnemanuel.com

Jonathan Cooper (D. Md. Bar No. 21345)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street, NW
Suite 900
Washington, DC  20005
(202) 538-8000 (tel.)
(202) 538-8100 (fax)
jonathancooper@quinnemanuel.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I electronically filed the foregoing

*Plaintiffs' Emergency Motion for Protective Orders* via e-mail to

christine.coogle@mdd.uscourts.gov and mdddb_civil_sealed@uscourts.gov, a copy of the instant

*Plaintiffs' Emergency Motion for Protective Orders* was provided to Andrew Levander via

electronic mail at andrew.levander@dechert.com whom I understand is Counsel for Defendant

Snyder.  Pursuant to the Court's procedures, I intend to cause paper copies of this *Plaintiffs'*

*Emergency Motion for Protective Orders* to be deposited (under seal) in the Court's drop box

before 4:00 pm.

/s/
Adam L. Van Grack (D. Md. Bar No. 17976)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-7156 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com

4