UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ROBERT ROTHMAN et al.<br><br>                    Plaintiffs,<br><br> – against –<br><br> DANIEL SNYDER<br><br>                    Defendant, | **FILED UNDER SEAL**<br><br>Case No. PJM-20-3290 |

**MEMORADUM OF REASONING AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDERS**

Plaintiffs Robert Rothman, Dwight C. Schar, and Frederick W. Smith ("**Plaintiffs**") respectfully submit this Memorandum of Reasoning and Authorities in Support of *Plaintiffs' Emergency Motion for Protective Orders* ("***Motion for Protective Orders***") and, in support thereof, state as follows:

## I.    Background Facts

Plaintiffs are stockholders of Washington Football Inc. ("**WFI**" or the "**Company**"), which owns the National Football League ("**NFL**") team franchise in the Washington, D.C. area.[1] Plaintiffs together own 40.499% of WFI, while Daniel Snyder ("Mr. Snyder") – WFI's principal owner and Chief Executive Officer – owns 40.459% of WFI.  Since 2003, each Plaintiff has owned at least 10% of WFI.

WFI's governing Second Amended Stockholders Agreement (the "**Stockholders Agreement**") expressly recognizes Plaintiffs' rights to sell their WFI stock.

---

[1] Until recently, the Washington NFL football franchise team was named the Washington Redskins.  In July 2020, the franchise announced that the team temporarily will be called the Washington Football Team, until a new team name and team logo are determined.

1

The Complaint in this action concerns, in central part, a *bona fide* proposal, that Plaintiffs received on October 16, 2020, to purchase their shares (the **"Confidential Proposal"**). *Declaration of Julia M. Beskin in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction and Plaintiffs' Emergency Motion for Protective Orders* ("*Beskin Declaration*") at Exhibit 3 thereto (attached to the Memorandum in Support of *Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction* and incorporated hereto).

The letter transmitting the Confidential Proposal 

*Id* at page 2, ¶ A. The instant action addresses actions by Mr. Snyder which are preventing the Plaintiffs from moving forward to accept and effectuate the Confidential Proposal.

The letter transmitting the Confidential Proposal unambiguously provides that (i) the Confidential Proposal itself, (ii) the terms of the Confidential Proposal, and (iii) the negotiations between the parties related to the Confidential Proposal ("**Confidential Negotiations**") must be kept strictly confidential and cannot be disclosed to third-parties. *Id* at page 4, ¶ G. Specifically, the Confidential Proposal includes a detailed confidentiality clause which states that:

> Confidentiality. Without the other party's prior written consent, neither Purchasers nor the Sellers will disclose to any third party, or authorize any of its representatives (including, without limitation, its officers, directors, equityholders, employees, partners, members, agents, financial advisors, consultants, attorneys, accountants or other advisors (collectively, "Representatives")) to disclose, the terms of this Proposal or the fact that any discussions or negotiations are taking place between the Sellers, WFI and the Purchasers, except (i) the extent otherwise required by applicable law, (ii) to any employee, officer, director, stockholder or derivative

2

security holder of WFI and any attorneys or advisors of the foregoing, (iii) to the extent necessary or appropriate in order to obtain approvals, or to provide notices , required under documents to which the Seller(s) is/are a party, or (iv) as necessary or appropriate in order to respond to due diligence requests of the Purchasers or their Representatives. The term "person" as used in this Proposal will be interpreted broadly to include the media and any corporation, company, group, partnership or other entity or individual.

Confidential Proposal at Section G; *Id.*

Section 7 of the Stockholders' Agreement also provides that in the event one or more of the Plaintiffs receives a purchase offer, the other stockholders shall have the right, exercisable within fifteen (15) days of a written notice of intention to sell from the Plaintiff(s), to elect to purchase the Plaintiff(s)' shares proposed to be sold at a purchase price equal to (and on other terms substantially comparable to) that specified in the notice of intention to sell.

After October 16, 2020, it became clear that Mr. Snyder was violating Section 7 of the Stockholders Agreement ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████ The Confidential Proposal provides that the period during which Plaintiffs and the prospective purchasers are to negotiate exclusively with each other *expires on November 25, 2020* – thirty (30) days after the date of the Confidential Proposal. Mr. Snyder's conduct thus threatens to irreparably deny Plaintiffs the time-sensitive opportunity to sell their WFI stock in response to the Confidential Proposal.

Plaintiffs have a strong incentive to keep all pleadings in the instant matter – which directly relate to the Confidential Proposal – completely confidential. *Id.* Release of information contained in the Confidential Proposal could jeopardize the entire proposal. *Id.*

Plaintiffs have brought the above-captioned matter to address Mr. Snyder's improper actions in connection with the Confidential Proposal.

**II.     Instant Public Disclosure of Sealed Pleadings on the Day of Filing**

On November 13, 2020, at approximately 9:50 AM, Plaintiffs filed the above-captioned matter in this Court.

As described *supra* and in Plaintiffs' Memorandum in Support of its ***Motion to Seal***, it is of paramount importance to Plaintiffs that the content of the instant action be kept strictly confidential. *Id.*

Thus, along with the Complaint in this matter, at approximately 9:50 AM, Plaintiffs' filed a *Motion to Seal Entire Court Record* ("***Motion to Seal***"). The instant matter was then sealed until such time that this Court ruled on Plaintiffs' ***Motion to Seal***.

At 1:30 PM that same day, Plaintiffs' were provided with an executed summons for Defendant Daniel Snyder from this Court.

Thirty-nine minutes after receiving the executed summons for Mr. Snyder, counsel for Plaintiffs provided all pleadings filed by Plaintiffs along with the executed summons to counsel for Defendant via e-mail requesting an agreement to accept service of the pleading on behalf of Defendant. Counsel for Defendant has since acknowledged receipt of the pleadings on behalf of Mr. Snyder.

Approximately three hours after Defendant was provided the aforementioned pleadings, beginning around 5:02 PM, undersigned counsel for Plaintiffs began receiving inquiries from a reporter from the *New York Times* acknowledging the reporter's knowledge of the instant sealed action and requesting comment from undersigned counsel as well as from Plaintiffs Rothman, Schar and Smith. *Declaration of Adam L. Van Grack, Esq. in Support of Plaintiffs' Emergency*

*Motion for a Temporary Restraining Order and a Preliminary Injunction and Plaintiffs' Emergency Motion for Protective Orders* ("*Van Grack Declaration*") at ¶ 3-4 (attached at Exhibit A to this Memorandum and incorporated herein).  The email from the *New York Times* reporter thus made clear that the source of the reporter's information was someone other than Plaintiffs Rothman, Schar, and Smith. *Van Grack Declaration* at ¶ 4.

Less than two hours later, an article appeared in the *New York Times* quoting the sealed Complaint in the instant matter and also further disclosing detailed information about the purchase terms included in the confidential Letter of Intent that is a central subject of the sealed Complaint. *Van Grack Declaration* at ¶ 5.

While Plaintiffs cannot state with certainty who leaked the sealed Complaint to the New York Times, it axiomatic that Plaintiffs would strive to keep all information and pleadings related to the instant action strictly confidential because they had explicitly instructed their attorneys to file the *Motion to Seal*. *Declaration of Robert Rothman in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction and Plaintiffs' Emergency Motion for Protective Orders* ("*Rothman Declaration*") at ¶ 13-14 (attached to the Memorandum in Support of *Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction* and incorporated hereto).

For these reasons, Plaintiffs filed the instant Motion for Protective Orders to ensure – by Court Order – that no sealed, confidential pleadings (or information contained therein) are further revealed or released to any third-party.

### III.    Applicable Law

Federal Rule of Civil Procedure 5.2 permits a court to "order that a filing be made under seal without redaction." Rule 5.2 also permits a court to "limit or prohibit a nonparty's remote electronic access to a document filed with the court."

Federal Rule of Civil Procedure 26 permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and "may forbid disclosure altogether" *Cinetel Films, Inc. v. Doe*, 853 F.Supp.2d 545, 82 Fed.R.Serv.3d 28 (D. Md. 2012).

This Court's Local Rule 5.11 provides that: "Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Local Rule 5.11 "endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir.1984)." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012).

This Court has specifically granted parties' motions to seal court records when the information contains confidential business-related information. *See, e.g., Jarvis v. FedEx Office & Print Servs., Inc.*, No. DKC–08–1694, 2011 WL 826796, at *10 (D. Md. Mar. 7, 2011); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012).

III.     **Discussion**

A. **Proposed Reasons Supported by Specific Factual Representations Which Justify Sealing**

The entire substance of the dispute between the parties in the above-captioned matter addresses the parties' actions related to the Confidential Proposal that was provided by a third-party to the Plaintiffs. *Beskin Declaration* at Exhibit 3 thereto.  The Confidential Proposal addresses the sale of a significant percentage of the entity which owns the Washington DC Metropolitan Region's NFL Franchise: The Washington Football Team.  The Confidential Proposal itself includes a detailed confidentiality clause which states that:

> Confidentiality. Without the other party's prior written consent, neither Purchasers nor the Sellers will disclose to any third party, or authorize any of its representatives (including, without limitation, its officers, directors, equityholders, employees, partners, members, agents, financial advisors, consultants, attorneys, accountants or other advisors (collectively, "Representatives")) to disclose, the terms of this Proposal or the fact that any discussions or negotiations are taking place between the Sellers, WFI and the Purchasers, except (i) the extent otherwise required by applicable law, (ii) to any employee, officer, director, stockholder or derivative security holder of WFI and any attorneys or advisors of the foregoing, (iii) to the extent necessary or appropriate in order to obtain approvals, or to provide notices , required under documents to which the Seller(s) is/are a party, or (iv) as necessary or appropriate in order to respond to due diligence requests of the Purchasers or their Representatives. The term "person" as used in this Proposal will be interpreted broadly to include the media and any corporation, company, group, partnership or other entity or individual.

Confidential Proposal at Section G. *Id* at page 4, ¶ G

Making the pleadings and records of the above-captioned matter public would disclose the existence of the Confidential Proposal and the Confidential Negotiations – jeopardizing the entire potential deal.  Disclosing the existence of the Confidential Proposal and/or Confidential Negotiations would breach the Confidential Proposal and risk having the entire Confidential Proposal cancelled.  The Confidential Proposal should not be placed at risk of being cancelled as a result of the disclosure of information that Plaintiffs necessarily need to present to the Court to

address the actions of Mr. Snyder.  Succinctly, if third parties to the Confidential Proposal (who are able to obtain sealed information and pleadings in this action) are also able to disseminate that information to other third-parties, the protections afforded by the sealing of the Court records are effectively eviscerated.  Specifically, as required by the Confidential Proposal, the fact that the parties are engaged in the Confidential Negotiations should not be made public (whether through the Court docket or through third-party disclosure) – to preserve the parties' contracted rights and ability to complete the Confidential Proposal.  For these reasons, this Court should grant Plaintiffs' *Motion for Protective Orders*.

### B.  Alternatives to Sealing Would Not Provide Sufficient Protection

The ***entire subject matter*** of the dispute between the parties in the above-captioned matter relates to and directly addresses the Confidential Proposal – the terms and existence of which is confidential by the agreement between Plaintiffs and the third-party that made the Confidential Proposal.  Unfortunately, there is no method for this Court to address the parties' dispute (absent the protections of a sealed record and protective order) without risking the entire Confidential Proposal – all of which requires confidentiality especially as the Confidential Proposal itself contains significant private business information.  As such, there do not exist any alternatives to preventing third-party disclosure and sealing the court records in the above-captioned matter if the Plaintiffs are to seek a resolution to their dispute with Defendant before this Court. For these reasons, this Court should grant Plaintiffs' *Motion for Protective Orders*.

### IV.    Requested Relief

Plaintiffs respectfully request that this Court, in addition to sealing the entire court record of the above-captioned matter as requested in Plaintiffs' *Motion to Seal,* order that all parties to this matter shall not disclose to any third party any fact or document related to the above-captioned

matter.

Dated: November 16, 2020
      Bethesda, MD

Respectfully submitted,

/s/

Adam L. Van Grack (D. Md. Bar No. 17976)
Theodore B. Kiviat  (D. Md. Bar No. 29019)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-5027 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com
tkiviat@lvglawfirm.com


Stephen R. Neuwirth (pro hac vice pending)
Julia M. Beskin (pro hac vice pending)
Jeremy Baldoni (pro hac vice pending)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 (tel.)
(212) 849-7100 (fax)
stephenneuwirth@quinnemanuel.com
juliabeskin@quinnemanuel.com
jeremybadloni@quinnemanuel.com

Jonathan Cooper (D. Md. Bar No. 21345)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street, NW
Suite 900
Washington, DC  20005
(202) 538-8000 (tel.)
(202) 538-8100 (fax)
jonathancooper@quinnemanuel.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I electronically filed the foregoing

*Memorandum of Reasoning and Authorities in Support of Plaintiffs' Emergency Motion for*

*Protective Orders ("Memo")* via e-mail to christine.coogle@mdd.uscourts.gov and

mdddb_civil_sealed@uscourts.gov, a copy of the instant *Memo* was provided to Andrew Levander

via electronic mail at andrew.levander@dechert.com whom I understand is Counsel for Defendant

Snyder.  Pursuant to the Court's procedures, I intend to cause paper copies of this *Memo* to be

deposited (under seal) in the Court's drop box before 4:00 pm.


/s/
Adam L. Van Grack (D. Md. Bar No. 17976)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-7156 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com