UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ROBERT ROTHMAN, et al.<br><br>                  Plaintiffs,<br><br>– against –<br><br>DANIEL SNYDER<br><br>                  Defendant, | **FILED UNDER SEAL**<br><br>Case No. PJM-20-3290 |

**MEMORADUM OF REASONING AND AUTHORITIES IN
SUPPORT OF PLAINTIFFS'** *EX PARTE* **MOTION TO
SHORTEN TIME ON PLAINTIFFS' EMERGENCY MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION AND PLAINTIFFS'
EMERGECY MOTION FOR PROTECTIVE ORDERS**

Plaintiffs Robert Rothman, Dwight Schar, and Frederick Smith ("**Plaintiffs**") respectfully submit this Memorandum of Reasoning and Authorities in Support of Plaintiffs' Ex Parte *Motion to Shorten Time on Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Emergency Motion for Protective Orders* ("***Ex Parte* Motion**").

I. **Introduction**

Through the above-captioned action, Plaintiffs' seek (among other things) to enjoin Defendant Daniel Snyder ("**Mr. Snyder**"), the CEO and majority stockholder of Washington Football, Inc. ("**WFI**") - which owns the NFL professional football team currently known as the Washington Football Team – from certain actions relating to the sale of Plaintiffs' interests in WFI.

Plaintiffs have moved, through their contemporaneously filed (1) *Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction* ("**Emergency TRO/PI Motion**") and (2) *Plaintiffs' Emergency Motion for a Protective Orders* ("**Emergency PO Motion**")

1

(collectively, the "*Emergency Motions*") (collectively, the "**Emergency Motions**"), to immediately enjoin certain improper actions by Mr. Snyder and to have first a temporary and then permanent protective order entered in this action, as detailed in the Emergency Motions, which are incorporated into this instant *Ex Parte* Motion by reference herein.

Through the instant *Ex Parte* Motion, Plaintiffs seek this Court to order the procedural steps necessary for Plaintiffs to obtain the relief described in the Emergency Motions.

## II.    Notice

On November 13, 2020, within forty minutes of receiving the executed summons from this Court's Clerk's Office, Plaintiffs' undersigned counsel provided the executed summons, complaint, motion to seal, and all pleadings filed by Plaintiffs that day to counsel for Mr. Snyder (Mr. Andrew Levander) via e-mail (at andrew.levander@dechert.com) requesting that counsel for Mr. Snyder accept service on Mr. Snyder's behalf.

On November 15, 2020, counsel for Mr. Snyder (Mr. Andrew Levander) informed Plaintiffs' undersigned counsel via e-mail that: "We will accept service without waiver of any defenses other than service and on the understanding we have 45 days from today to respond."

On November 16, 2020, contemporaneous with the filing this instant *Ex Parte* Motion, Plaintiffs' undersigned counsel provided counsel for Mr. Snyder (Mr. Andrew Levander) via e-mail (at andrew.levander@dechert.com) with a copy of this instant *Ex Parte* Motion and all related pleadings associated with the Emergency Motions.

## III.    Discussion

A shortened briefing schedule and accelerated hearing dates related to Plaintiffs' *Emergency Motions* is required for the Plaintiffs to obtain the necessary immediate injunctive and emergency relief for the reasons stated in the *Emergency Motions*.

This Court has the authority to shorten the time for Defendant to respond to the Emergency Motions. *See, e.g., CIENA Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000) ("broad discretion is given to the district court to manage the timing and process for entry of all interlocutory injunctions – both TROs and preliminary injunctions – so long as the opposing party is given a reasonable opportunity, commensurate with the scarcity of time under the circumstances, to prepare a defense and advance reasons why the injunction should not issue."). Further, this Court can address the time requirements for injunctive relief *ex parte*. *See* 4B Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1169 at 582 ("An application to vary the time requirement [for addressing motions] may be heard ex parte."). The essential requirement in determining a schedule for Plaintiffs' Emergency Motions is that Defendant be given a fair opportunity to oppose the application and to prepare for such opposition. *See DOL v. Wolf Run Mining Co.*, 452 F.3d 275, 283 (4th Cir. 2006) (Fourth Circuit has "focus[ed] not on a specific time period but on whether the opposing party had a fair opportunity to oppose" preliminary injunction motion).

First, as described within the *Emergency TRO/PI Motion*, time is of the essence for this Court to address the injunctive relief requested by Plaintiffs therein. Plaintiffs have deadlines within the next eight days which are needed to be met in order for them to fulfill their obligations to move forward with the Letter of Intent that is the subject of this instant lawsuit. Thus, as described within the *Emergency TRO/PI Motion*, a delay of even a few days of Plaintiffs' ability to move forward regarding the Letter of Intent is critical.

Second, as described within the *Emergency PO Motion*, time is of the essence for this Court to address the public dissemination of sealed pleadings. As noted within the *Emergency PO Motion*, within hours of the filing of and sealing of the instant action, the New York Times was provided with a copy of the sealed Complaint. Thus, as described within the *Emergency PO*

3

*Motion*, a delay of even a few days of Plaintiffs' ability to keep these pleadings confidential is critical.

The modified response deadlines and hearing dates described herein would allow Plaintiffs to obtain the immediate injunctive relief sought within the *Emergency Motions* and give Defendant a fair opportunity to oppose the *Emergency Motions*.

## IV. Requested Relief

For the reasons set forth herein, and as described in the *Emergency TRO/PI Motion* (and accompanying Memorandum) and the *Emergency PO Motion* (and accompanying Memorandum) Plaintiffs respectfully request that this Court set a schedule as follows:

(1) The Hearing on Plaintiffs' request for an immediate temporary restraining order and emergency temporary protective order within Plaintiffs' Emergency Motions be set as soon as possible.

(2) Defendant to file and serve his opposition (via e-mail) to Plaintiffs' request for a preliminary injunction within Plaintiffs' Emergency Motion no later than 3:30 PM on Friday, November 20, 2020,

(3) Defendant to file and serve his opposition (via e-mail) to Plaintiffs' request for a permanent protective order within Plaintiffs' Emergency Motions no later than 3:30 PM on Friday, November 20, 2020;

(4) Plaintiffs to file and serve their reply (via e-mail) to any opposition filed no later than 3:30 PM on Monday, November 23, 2020;

(5) The Hearing on Plaintiffs' request for a preliminary injunction and request for a permanent protective order be set on Tuesday, November 24, 2020.

Dated: November 16, 2020
Bethesda, MD

Respectfully submitted,

        /s/
Adam L. Van Grack (D. Md. Bar No. 17976)
Theodore B. Kiviat (D. Md. Bar No. 29019)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-7156 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com
tkiviat@lvglawfirm.com


Stephen R. Neuwirth (pro hac vice pending)
Julia M. Beskin (pro hac vice pending)
Jeremy Baldoni (pro hac vice pending)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 (tel.)
(212) 849-7100 (fax)
stephenneuwirth@quinnemanuel.com
juliabeskin@quinnemanuel.com
jeremybadloni@quinnemanuel.com

Jonathan Cooper (D. Md. Bar No. 21345)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street, NW
Suite 900
Washington, DC 20005
(202) 538-8000 (tel.)
(202) 538-8100 (fax)
jonathancooper@quinnemanuel.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I electronically filed the foregoing *Memorandum of Reasoning and Authorities in Support of Plaintiffs'* Ex Parte *Motion to Shorten Time on Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Emergency Motion for Protective Orders ("Memo")* via e-mail to christine.coogle@mdd.uscourts.gov and mdddb_civil_sealed@uscourts.gov, a copy of the instant *Memo* was provided to Andrew Levander via electronic mail at andrew.levander@dechert.com whom I understand is Counsel for Defendant Snyder. Pursuant to the Court's procedures, I intend to cause paper copies of this *Memo* to be deposited (under seal) in the Court's drop box before 4:00 pm.

/s/
Adam L. Van Grack (D. Md. Bar No. 17976)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-7156 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com