# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
## *Southern Division*

| | |
|---|---|
| ROBERT ROTHMAN et al. <br><br> Plaintiffs, <br><br> – against – <br><br> DANIEL SNYDER <br><br> Defendant, | **FILED UNDER SEAL** <br><br> Case No. PJM-20-3290 |

## PLAINTIFFS' SUPPLEMENTAL DECLARATIONS IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION PRELIMINARY INJUNCTION AND EMERGENCY MOTION FOR PROTECTIVE ORDER

Plaintiffs Robert Rothman, Dwight C. Schar, and Frederick W. Smith ("**Plaintiffs**") respectfully submit Plaintiffs' *Supplemental Declarations in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Plaintiffs' Emergency Motion for Protective Orders* ("***Supplemental Declarations***") and hereby supplement and incorporate therein to the aforementioned motions and memorandum in support of said motions with the attached Declarations from (1) Plaintiff Dwight C. Schar and (2) Plaintiff Frederick W. Smith which support the relief requested in *Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction* and *Plaintiffs' Emergency Motion for Protective Orders*.

For the reasons stated herein and in the accompanying *Memorandum of Law* in support of *Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction* and *Plaintiffs' Emergency Motion for Protective Orders*, Plaintiffs respectfully request that the Motions be granted by the Court.

1

Dated: November 17, 2020  
Bethesda, MD

Respectfully submitted,

_____/s/_____

Adam L. Van Grack (D. Md. Bar No. 17976)
Theodore B. Kiviat (D. Md. Bar No. 29019)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-5027 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com
tkiviat@lvglawfirm.com

Stephen R. Neuwirth (*pro hac vice*)
Julia M. Beskin (*pro hac vice*)
Jeremy Baldoni (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 (tel.)
(212) 849-7100 (fax)
stephenneuwirth@quinnemanuel.com
juliabeskin@quinnemanuel.com
jeremybadloni@quinnemanuel.com

Jonathan Cooper (D. Md. Bar No. 21345)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street, NW
Suite 900
Washington, DC 20005
(202) 538-8000 (tel.)
(202) 538-8100 (fax)
jonathancooper@quinnemanuel.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
## *Southern Division*

ROBERT ROTHMAN et al.

    Plaintiffs,

– against –

DANIEL SNYDER,

    Defendant.

**FILED UNDER SEAL**

Case No. PJM-20-3290

**DECLARATION OF DWIGHT C. SCHAR IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDERS**

1. I, Dwight C. Schar, submit this declaration in support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion for TRO/PI") and Emergency Motion for Protective Orders in the above-captioned action (the "Motion for Protective Orders").

2. Unless otherwise indicated, this declaration in based on my personal knowledge, and publicly available information. All citations to exhibits herein refer to exhibits to the Declaration of Julia M. Beskin, dated November 16, 2020, submitted with the Motion for TRO/PI and incorporated as part of the Motion for Protective Orders.

3. On October 16, 2020, Plaintiffs received a written proposal to acquire Plaintiffs' collective stake in WFI from certain prospective purchasers (the "Letter of Intent"). Ex. 3.

4. The Letter of Intent is time-sensitive: it states that the period during which Plaintiffs and the prospective purchasers are to negotiate exclusively with each other (the "Exclusive Negotiation Period") expires on November 25, 2020. Ex. 4 at 3. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

5. The potential purchasers have represented that they are committed to "*execut[ing] definitive documentation promptly* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Ex. 4 at 1 (emphasis in original). Completing the transaction requires business, financial, legal and tax due diligence. *Id.* at 3. Mr. Snyder's delay tactics have interrupted the due diligence process necessary for the transaction to proceed, thereby diminishing the likelihood that the transaction will close.

2

6. The Letter of Intent provides that (i) the Letter itself; (ii) the terms of the Letter; and (iii) the negotiations between the parties related to the Letter ("Confidential Negotiations") must be kept strictly confidential and cannot be disclosed to third-parties. It is extremely important to me for the Letter of Intent and Confidential Negotiations to remain confidential because failure do to so could jeopardize the entire negotiation of a sale pursuant to the Letter of Intent.

7. Since October 16, 2020 through today, I have kept confidential (i) all information and pleadings related to this action; (ii) the Letter of Intent; and (iii) the Confidential Negotiations.

8. On November 13, 2020, I authorized my attorneys to file a Motion to Seal the Entire Record in this action.

9. I have not provided any information or pleadings related to either this action or the Letter of Intent to the *New York Times* or any other media outlet or reporter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2020.

_____
Dwight C. Schar

ROBERT ROTHMAN et al.

    Plaintiffs.

– against –

DANIEL SNYDER,

    Defendant.

**FILED UNDER SEAL**

Case No. PJM-20-3290

**DECLARATION OF FREDERICK W. SMITH IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION AND PLAINTIFFS' EMERGENCY MOTION FOR A PROTECTIVE ORDER**

1. I, Frederick W. Smith, submit this declaration in support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction (the "Motion for TRO/PI") and Emergency Motion for a Protective Order in the above-captioned action (the "Motion for Protective Order").

2. Unless otherwise indicated, this declaration in based on my personal knowledge, and publicly available information. All citations to exhibits herein refer to exhibits to the Declaration of Julia M. Beskin, dated November 16, 2020, submitted with the Motion for TRO/PI and incorporated as part of the Motion for Protective Order.

3. I am an individual citizen and resident of the State of Tennessee. I am and have been at all relevant times the legal and beneficial owner of 10.163% of the shares of Washington Football, Inc. ("WFI"), which I purchased in 2003. I am also the Founder, Chairman, and Chief Executive Officer of FedEx Corporation.

4. On October 16, 2020, Plaintiffs received a written proposal to acquire Plaintiffs' collective stake in WFI from prospective purchasers (the "Letter of Intent"). The Letter of Intent is time-sensitive: it states that the period during which Plaintiffs and the prospective purchasers are to negotiate exclusively with each other (the "Exclusive Negotiation Period") expires on November 25, 2020. Ex. 4 at 3. ███████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████

2

5. The potential purchasers have represented that they are committed to *"execut[ing] definitive documentation promptly* ███████████████████████████ Ex. 4 at 1 (emphasis in original). Completing the transaction requires business, financial, legal and tax due diligence. *Id.* at 3. Mr. Snyder's delay tactics have interrupted the due diligence process necessary for the transaction to proceed, thereby diminishing the likelihood that the transaction will close.

6. On November 13, 2020, I authorized my attorneys to file a Motion to Seal the Entire Record ("Motion to Seal") in this action.

7. The Letter of Intent provides that (i) the Letter itself; (ii) the terms of the Letter; and (iii) the negotiations between the parties related to the Letter ("Confidential Negotiations") must be kept strictly confidential and cannot be disclosed to third-parties.

8. It is extremely important to me that the Letter of Intent and Confidential Negotiations remain confidential, because failure do to so could jeopardize the entire negotiation of a sale pursuant to the Letter of Intent.

9. **Since October 16, 2020 through today, I have continued to keep confidential (a) all information and pleadings related to this action, (b) the Letter of Intent, and (c) the Confidential Negotiations.**

10. **I have not provided any information or pleadings related to this action, or the October 16 Letter of Intent, to the *New York Times* or any other media outlet or reporter.**

11. In addition, as reflected in the emails attached hereto as Exhibit A, Jenny Robertson, FedEx's Senior Vice President of Integrated Marketing and Communications, reported to me on Saturday, November 14, 2020, at 8:21 am: "You may have already see [sic]

3

the story in NY Times below that posted last night. **They did not contact us.**" (Emphasis added.)

12. Furthermore, in that same November 14 email, Ms. Robertson also stated: "However, Liz Clarke with the Washington Post called this morning asking if you wanted to comment **and I declined**. She also asked if we could confirm the story was accurate **and I also declined**." (Emphasis added.) At 9:00 am that same morning, Ms. Robertson sent another email to me, stating: "Liz with WaPo just called me again and asked if we could provide the name of the attorney representing the shareowners. If you want to provide that, please let me know. She also said the filing isn't available and The NY Times somehow obtained a copy so she asked if they could have a copy as well. **I told her I could not provide it.**" (Emphasis added.) At 9:09 am that same day, I responded: "**Jenny I have no comment on the matter.** Mark [FedEx's general counsel] is up to speed on the filing, and this has nothing to do with FedEx." (Emphasis added.) And Ms. Robertson responded to me at 9:12 am: "Thank you, and that is what I advised that led her to call me back and ask if there was an attorney she should be contacting instead. **I will continue to tell her we cannot provide anything.**" (Emphasis added.) *See* Exhibit A hereto.

13. Also on November 14, at 8:41 am, I received the email from Will Hobson of the Washington Post, also included in Exhibit A, stating: "Sorry to bother you on a Saturday morning. Please call me, or have one of your lawyers call me, at the number below as soon as possible. I'm not going to stop calling people until I get a response. Apologies, but I'm under tremendous pressure." I did not respond to that email. I also received a voice mail that day from Mr. Hobson to which I did not respond.

4

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2020.

*Frederick W. Smith*
Frederick W. Smith

## Frederick W. Smith

| | |
|---|---|
| From: | Hobson, Will <Will.Hobson@washpost.com> |
| Sent: | Saturday, November 14, 2020 8:41 AM |
| To: | Frederick W. Smith |
| Cc: | |
| Subject: | [EXTERNAL] Urgent phone call for Fred Smith |

> Caution! This email originated outside of FedEx. Please do not open attachments or click links from an unknown or suspicious origin.

Mr. Smith,

Sorry to bother you on a Saturday morning. Please call me, or have one of your lawyers call me, at the number below as soon as possible. I'm not going to stop calling people until I get a response. Apologies, but I'm under tremendous pressure.

Best,

Will Hobson
Staff Writer
The Washington Post
202-744-8816 (c)

317462

# Frederick W. Smith

**From:** Jenny Robertson
**Sent:** Saturday, November 14, 2020 8:21 AM
**To:** Frederick W. Smith
**Cc:** Mark Allen; Rajesh Subramaniam; Brie Carere
**Subject:** Washington Football Team

Mr. Smith -- You may have already see the story in NY Times below that posted last night. They did not contact us. However, Liz Clarke with Washington Post called this morning asking if you wanted to comment and I declined. She also asked if we could confirm the story was accurate and I also declined.

https://www.nytimes.com/2020/11/13/sports/washington-nfl-team-snyder.html

Jenny

Sent from my iPhone

317461

1

# Partial Owners of Washington's N.F.L. Team Seek Path in Court to Sell Their Stake

nytimes.com/2020/11/13/sports/washington-nfl-team-snyder.html

Ken Belson

November 14, 2020



The increasingly bitter battle for control of the Washington Football Team took a significant turn on Friday when three of the team's limited partners, who together own 40 percent of the club, asked a federal judge to allow them to sell their shares as a group.

Such filings are rare in the opaque world of buying and selling N.F.L. teams. Most ownership disputes are handled in-house by a league arbitrator, but by taking it to court, the minority shareholders are signaling the depth of the discord with the majority owner, Daniel Snyder.

Their maneuver to court, however, risks alienating the league and other team owners.

The three limited partners — Frederick Smith, the chairman of FedEx; Robert Rothman, an asset manager; and Dwight Schar, founder of a home building company — said in their filing in United States District Court in Maryland that they had received an offer of $900 million for their combined shares.

Snyder has given legal notice to the limited partners that he will exercise his right of first refusal, but buy out only Smith and Rothman, who together own 25 percent, not Schar, who holds 15 percent of the team.

Continue reading the main story
This prompted the limited partners to ask a judge to let them sell their shares as a block and stop Snyder from trying to split up the group.

The limited partners said that Snyder's effort "flies in the face" of their partnership agreement, according to the court filing reviewed by The New York Times. The agreement, they said, gives Snyder only the right to buy all of the shares up for sale, not just the ones he wants.

They'll enjoy our special rate of $1 a week.
"Mr. Snyder's position also threatens to disrupt an orderly process — including, among other things, necessary due diligence — for plaintiffs" to sell their shares, the filing said.

The filing does not say who has offered to buy out the limited partners. But the partners said their window to negotiate with the potential buyer would expire on Nov. 25.

The team and the N.F.L. did not respond to a request for comment. The lawyers for the three limited partners also did not reply to a request for comment.

The dispute between Snyder and the limited partners, who bought into the team nearly 20 years ago, began in the spring. With the future of the 2020 N.F.L. season unclear then, Snyder deferred paying annual dividends to the shareholders, a decision that the partners said was made without consulting them. This led to a series of accusations that included financial mismanagement of the team and efforts to smear Snyder.

Snyder threw the three partners off the team's board this summer, and the N.F.L. appointed an arbitrator to settle the dispute. The arbitrator has yet to issue a ruling.

At the same time, Snyder filed a defamation suit claiming a conspiracy aimed at forcing him to sell the team. In some of those filings, Snyder has hinted at Schar's involvement in stories critical of Snyder's stewardship of the team. Snyder has also named Schar's daughter, as well as a company controlled by Schar and his son-in-law, in his filings.

Beth Wilkinson, a well-known lawyer in Washington, D.C., was hired to investigate allegations of widespread sexual harassment in the team's front office, details of which were published in July by The Washington Post. The Post cited 15 women who formerly worked with the team.

Under pressure from some of his team's largest sponsors, including FedEx, Snyder also changed the team's longtime logo and name, which many Native American groups considered a slur.

The New York Times

**Frederick W. Smith**

| | |
|---|---|
| **From:** | Jenny Robertson |
| **Sent:** | Saturday, November 14, 2020 9:00 AM |
| **To:** | Frederick W. Smith |
| **Cc:** | Mark Allen |
| **Subject:** | Re: Washington Football Team |

RECEIVED

NO

317463

FedEx Corporation
Chairman & CEO

FWS - Liz with WaPo just called me again and asked if we could provide the name of the attorney representing the shareowners. If you want to provide that, please let me know.

She also said the filing isn't available and The NY Times somehow obtained a copy so she asked if they could have a copy as well. I told her I could not provide it.

Sent from my iPhone

> On Nov 14, 2020, at 8:21 AM, Jenny Robertson ███████████ wrote:
>
> Mr. Smith -- You may have already see the story in NY Times below that posted last night. They did not contact us. However, Liz Clarke with Washington Post called this morning asking if you wanted to comment and I declined. She also asked if we could confirm the story was accurate and I also declined.
>
> https://www.nytimes.com/2020/11/13/sports/washington-nfl-team-snyder.html
>
> Jenny
>
> Sent from my iPhone

**Frederick W. Smith**

| | |
|---|---|
| **From:** | Jenny Robertson |
| **Sent:** | Saturday, November 14, 2020 9:12 AM |
| **To:** | Captain Smith |
| **Cc:** | Frederick W. Smith; Mark Allen |
| **Subject:** | Re: Washington Football Team |

RECEIVED

FedEx Corporation
Chairman & CEO

Thank you, and that is what I advised that led her to call me back and ask if there was an attorney she should be contacting instead. I will continue to tell her we cannot provide anything.

Jenny

Sent from my iPhone

> On Nov 14, 2020, at 9:09 AM, Captain Smith wrote:
>
> Jenny I have no comment on the matter. Mark is up to speed on the filing, and this has nothing to do with FedEx.
>
> Sent with BlackBerry Work
> (www.blackberry.com)
>
>> From: Jenny Robertson
>> Date: Saturday, Nov 14, 2020, 09:00
>> To: Frederick W. Smith
>> Cc: Mark Allen
>> Subject: Re: Washington Football Team
>>
>> FWS - Liz with WaPo just called me again and asked if we could provide the name of the attorney representing the shareowners. If you want to provide that, please let me know.
>>
>> She also said the filing isn't available and The NY Times somehow obtained a copy so she asked if they could have a copy as well. I told her I could not provide it.
>>
>> Sent from my iPhone
>>
>>> On Nov 14, 2020, at 8:21 AM, Jenny Robertson wrote:
>>>
>>> Mr. Smith -- You may have already see the story in NY Times below that posted last night. They did not contact us. However, Liz Clarke with Washington Post called this morning asking if you wanted to comment and I declined. She also asked if we could confirm the story was accurate and I also declined.

1

https://www.nytimes.com/2020/11/13/sports/washington-nfl-team-snyder.html

Jenny

Sent from my iPhone

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020, pursuant to the rules of this Court, I filed the foregoing Plaintiffs' *Supplemental Declarations in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Plaintiffs' Emergency Motion for Protective Orders* (collectively, the *Supplemental Declarations*) under seal, electronically via e-mail, to christine.coogle@mdd.uscourts.gov and mdddb_civil_sealed@mdd.uscourts.gov. A copy of these *Supplemental Declarations* has also been provided to (1) Andrew Levander via electronic mail at andrew.levander@dechert.com and (2) Rachel McGuckian via electronic mail at rmcguckian@milesstockbridge.com (who have entered their appearances in this matter on behalf of Defendant Daniel Snyder) as part of the transmission of this electronic filing to the Court, and this service on Defendant's counsel will be indicated through their inclusion on my e-mail to the Court. Pursuant to the Court's procedures, I intend to cause paper copies of the *Supplemental Declarations* to be deposited (under seal) in the Court's drop box before 4:00 pm.

/s/
Adam L. Van Grack (D. Md. Bar No. 17976)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-7156 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com