UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

ROBERT ROTHMAN, et. al.,

        Plaintiffs,

-against-

DANIEL SNYDER,

        Defendant.

FILED UNDER SEAL

Case No. PJM-20-3290

**DEFENDANT'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDERS**

Defendant Daniel M. Snyder does not oppose Plaintiffs' Emergency Motion for Protective Orders. Mr. Snyder requests, however, that any protective order this Court issues permit the limited disclosure of information and/or documents obtained in this action to select representatives of the National Football League ("NFL") and Brad Karp, Chairman of Paul, Weiss, Rifkind, Wharton & Garrison LLP, whom the NFL appointed as the "Hearing Officer" in an arbitration related to the issues raised by Plaintiffs in this action.

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

ROBERT ROTHMAN, et. al.,

                Plaintiffs,

    -against-

DANIEL SNYDER,

                Defendant.

**FILED UNDER SEAL**

Case No. PJM-20-3290

**DEFENDANT'S MEMORANDUM OF REASONING AND AUTHORITIES IN RESPONSE**

## PRELIMINARY STATEMENT

Defendant Daniel M. Snyder submits this Memorandum of Reasoning and Authorities in Response to Plaintiffs' Emergency Motion for Protective Orders ("Motion for Protective Orders"). Mr. Snyder does not oppose the Motion for Protective Orders; however, he respectfully requests that information and/or documents obtained in this case be permitted to be shared only with select representatives of the National Football League ("NFL") and Brad Karp, Chairman of Paul, Weiss, Rifkind, Wharton & Garrison LLP, whom the NFL appointed as the "Hearing Officer" in the arbitration of a dispute between the parties related to this action.

## FACTUAL BACKGROUND

On June 26, 2020, Plaintiffs submitted a Request for Arbitration, naming Mr. Snyder and Washington Football, Inc. ("WFI") as defendants under the bylaws of the NFL in a dispute related to Mr. Snyder's actions as the Principal Owner of WFI and following Plaintiffs' notice that they intended to sell their interest in WFI. ███████████████████████████████████████████████████████████████████████████████████████████████ Thereafter, Defendant Snyder filed counterclaims in the arbitration ███████████████████████████████ WFI's Second Amended Stockholders Agreement and the NFL Constitution and Bylaws are meant to guarantee confidentiality of disputes between NFL owners.

Mr. Snyder filed a Supplemental Counter-Demand and Motion for a Preliminary Injunction in the arbitration on November 13, 2020 at 1:25pm. ███████████████████████████████████████████████████████████████████████████████████████████████

1



During this time and this exchange of dialogue, Mr. Snyder's media relations specialist was contacted by a reporter with *The New York Times*. Ex. 16. To both counsel and Mr. Snyder's surprise, the reporter recited the details of the Complaint. Ex. 16. Mr. Snyder provided no comment and the article noting this case appeared online at 7:24pm. Ex. 17.

## DISCUSSION

Since a temporary protective order is superfluous at this time, it appears Plaintiffs' true motives in seeking to shield this information from public disclosure is to prevent the NFL from having access to the pleadings - seemingly to avoid a possible sanction from the NFL for having violated its rules by filing this dispute in court. The local rules provide that "[m]aterials that are the subject of the motion [to seal] shall remain temporarily sealed pending a ruling by the Court." L.R. 105.11; *Powers v. Braun*, No. CIV.A. ELH-13-01622, 2013 WL 5741416, at *1 (D. Md. Oct. 21, 2013) (providing that the clerk temporarily seal a complaint pursuant to Local Rule 105.11 pending the outcome of a pending motion to seal). Notwithstanding the local rules' clear directive that the filings in this action remain sealed pending a ruling by the Court, Mr. Snyder does not oppose the Court imposing the additional protective measures Plaintiffs' seek here - with one

---

[1] Unless otherwise discussed, references to "Exhibits" or "Ex." herein refer to the exhibits attached to the Declaration of Andrew J. Levander, Esq. in Support of Defendant's Opposition to Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.

2

exception. Mr. Snyder respectfully requests that any protective order issued permit the parties to share the filings in this action with select individuals with the NFL and the Hearing Officer.

It is telling that Plaintiffs only filed this motion, and applied for a temporary restraining order, ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████ [cite]. Moreover, Plaintiffs' contention that reporters may get access to the case file – a concern Mr. Snyder shares as well – is somewhat contrived given that Plaintiffs themselves have been regular sources of leaks to reporters, including apparently in this case.

First, the "Confidential Proposal" to purchase Plaintiffs' shares in WFI at issue in this dispute, attached as Exhibit 3 to Plaintiffs' Memorandum in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction, █████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████

Second, the NFL routinely deals in confidential proposals, such as the one Plaintiffs discuss here, without information being made public. Indeed, the *New York Times* article Plaintiffs reference in their motion notes the fact that filings such as Plaintiffs "are rare in the opaque world of buying and selling N.F.L. teams. Most ownership disputes are handled in-house by a league

arbitrator." Ex. 17. The NFL has a vested interest in interpreting and applying its Constitution and Rules and overseeing deals involving its teams, and Plaintiffs can provide no rationale why this dispute which, as the article suggests, is typically handled in-house, should not be shared with them.

Finally, documents belie Plaintiffs' insinuation that Mr. Snyder is the cause of the leak to the *New York Times*. Plaintiffs claim, without a scintilla of evidence, that Mr. Snyder must have been the cause of the leak because the *New York Times* published the story about this case a few hours after Plaintiffs provided counsel with the filings. But the New York Times contacted Mr. Snyder's communications person by email already armed with the full story and having read Plaintiffs' complaint in just over an hour after Snyder received the Complaint. Moreover, it is Plaintiffs who have a prior history and relationship with the author of the article, not Mr. Snyder.

For instance, on July 8, 2020, after the NFL arbitration commenced, Ken Belson at ▓▓▓▓▓▓▓▓▓▓ emailed Jenny Robertson, one of Plaintiff Fred Smith's employees, to discuss the changing of the Washington football team name. Ex. 18. In that email, Mr. Belson references the fact that he had spoken with Plaintiff Smith several years prior for a story on his company and philanthropy, and attached links to those stories. *Id.* Ms. Robertson forwarded that email exchange to Plaintiff Smith. *Id.* Then, on July 9, 2020, Ms. Robertson reported to Mr. Smith that she "shared information from the letter with Ken Belson/NYT as discussed." Ex. 19. She further described what Mr. Belson had said about the angle he was taking with the story and that it would "run tomorrow afternoon." *Id.* Later that same day, Ms. Robertson further informed Plaintiff Smith that she had called the NYT reporter to let him know that she "gave the same info to another outlet" and that he appreciated getting the heads up. *Id.* Thus, while Plaintiffs are quick to cast aspersions on Mr. Snyder in their efforts to hide the filings from the NFL, the evidence

4

demonstrates that Mr. Snyder is not the one with the documented history of sharing confidential information with the *New York Times* or any other reporter.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests this Court exempt certain representatives of the NFL and the Hearing Officer, ███ from the restrictions on disclosure of information and/or documents obtained in this action.

Dated: November 17, 2020

MILES & STOCKBRIDGE P.C.

*/s/ Rachel T. McGuckian*
Rachel T. McGuckian
11 N. Washington Street
Suite 700
Rockville, MD 20850
Phone: (301) 517-4816
Fax: (301) 762-0363


DECHERT LLP

Andrew J. Levander (pro hac vice pending)
Neil A. Steiner (pro hac vice pending)
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Fax: (212) 698-3599
andrew.levander@dechert.com
neil.steiner@dechert.com

Christina Guerola Sarchio (pro hac vice to be submitted)
1900 K Street NW
Washington, D.C. 20006
Phone: (202) 261-3300
Fax: (212) 261-3333
christina.sarchio@dechert.com

TACOPINA, SEIGEL & DEOREO

Joesph Tacopina (pro hac vice pending)
275 Madison Avenue
New York, NY 10016
Phone: (212) 227-8877
jtacopina@tacopinalaw.com

***Counsel for Principal Owner Daniel M. Snyder***