# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT ROTHMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL SNYDER, <br><br> Defendant. | **Filed Under Seal** <br><br> Case No. 20-cv-3290-PJM |

**MEMORANDUM OF LAW IN SUPPORT OF
THE NATIONAL FOOTBALL LEAGUE'S
<u>UNOPPOSED MOTION TO INTERVENE</u>**

This action presents issues that the parties committed exclusively to arbitration before the Commissioner of the National Football League. To preserve the Commissioner's authority to conduct that arbitration and the League's authority to manage its internal affairs, the NFL should be granted leave to intervene under Rule 24 of the Federal Rules of Civil Procedure. The NFL intervenes as of right under Rule 24(a)(2) because (i) it has legally protected interests at stake in this litigation, (ii) no other party will adequately represent the NFL's interests, and (iii) its motion is timely. Permissive intervention under Rule 24(b)(1)(B) is also appropriate because the NFL seeks to raise questions of law common to the main action—whether this dispute has been committed exclusively to arbitration—and intervention would not unduly delay the resolution of the merits, which are already pending before the Commissioner.

**I.    The NFL Is Entitled to Intervene as of Right Under Rule 24(a)(2).**

"Under Rule 24(a)(2), a district court must permit intervention as a matter of right if the movant can demonstrate '(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not

adequately represented by existing parties to the litigation.'" *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991)). "The application to intervene must [also] be timely." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). The NFL satisfies each of these requirements.

By its mere pendency, this action impairs two of the NFL's interests not shared by the parties: (i) the NFL's independent interest in the Commissioner's exclusive authority to arbitrate the parties' dispute; and (ii) an autonomy interest in preserving the League's authority to manage its affairs and to resolve internal disputes.

*First*, under the NFL's Constitution & Bylaws, the NFL Commissioner has "full, complete, and final jurisdiction and authority to arbitrate . . . [a]ny dispute . . . involving two or more holders of an ownership interest in a member club of the League, certified to him by any of the disputants." Sec. 8.3(A). The parties to this dispute are "two or more holders of an ownership interest" in a "member club of the League," and Defendant has certified this dispute to the Commissioner. This dispute thus falls squarely within the Commissioner's arbitration jurisdiction.

*Second*, as a voluntary association, the NFL holds an interest in "preserving the autonomy of such organizations." *Oakland Raiders v. Nat'l Football League*, 131 Cal. App. 4th 621, 644 (2005). That interest extends to the Commissioner's authority to resolve internal disputes, separate and apart from the NFL's contractual interest: courts "'will not intervene in the internal affairs of a voluntary membership organization'" out of respect for organizational autonomy, "defer[ring] instead to the organization's bylaws and internal adjudicatory procedures." *Bailey v. Washington Area Council of Eng'g Labs.*, 2016 WL 5173406, at *3 (W.D. Va. Sept. 21, 2016) (quoting *NAACP v. Golding*, 679 A.2d 554, 558 (Md. 1996)); *see also Sprit Lake Tribe of Indians ex rel. Comm. of Understanding & Respect v. NCAA*, 715 F.3d 1089, 1093 (8th Cir. 2013) (identifying "the principle

of judicial noninterference in decisions of voluntary associations"); *Crouch v. NASCAR*, 845 F.2d 397, 402 (2d Cir. 1988) (similar); *Charles O. Finley & Co. v. Kuhn*, 569 F.2d 527, 543 (7th Cir. 1978) (similar). Continued exploration of the merits of the parties' dispute before this Court would impair not only the League's contractual interest in arbitrability, but also this independent autonomy interest.

In short, the existing parties do not "share the same ultimate objective" as the League and do not adequately represent the NFL's interests. *Stuart*, 706 F.3d at 352. The League has no position as to the underlying merits of the dispute. Unlike the parties, the League's sole objective here relates to *where* the merits are resolved and not *in whose favor*, and the League alone has an interest in associational autonomy. This amply meets the "minimal" burden, *e.g.*, *Pa. Nat. Mut. Cas. Ins. Co. v. Kirson*, 2019 WL 2107270, at *1 (D. Md. May 14, 2019) (citing *Commonwealth of Virginia v. Westinghouse Elec. Co.*, 542 F. 2d 214, 216 (4th Cir. 1976)), of establishing that the parties' "representation *may* be inadequate," *Jones*, 752 F. Supp. 2d at 691.

Finally, this motion is timely. The NFL moves the Court less than two weeks after Plaintiffs filed their complaint, less than one week after the Court's order directing the League to move to intervene, and prior to any motions practice beyond briefing on Plaintiffs' request for preliminary relief. *See, e.g.*, *Friends of the Capital Crescent Trail v. U.S. Army Corps of Eng'rs*, 2019 WL 3238749, at *3 (D. Md. July 18, 2019) (Messitte, J.) (intervention motion timely filed within one month of Defendants' answer and prior to any dispositive motions).

## II. The NFL Should Be Permitted to Intervene Under Rule 24(b)(1)(B).

"Alternatively, a court may allow an applicant to intervene permissively under Rule 24(b)." *Friends of the Capital Crescent Trail*, 2019 WL 3238749, at *2. Permissive intervention is appropriate here because the NFL holds "a claim or defense that shares with the main action a

common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), the threshold legal determination whether this dispute should be arbitrated.

Nor would the League's intervention "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). This case remains in its procedural infancy, and thus "there is no indication that intervention will cause undue delay in this case." *United States ex rel. Baltimore Steel Erectors, LLC v. Hanover Ins. Co.*, 2019 WL 6895542, at *3 (D. Md. Dec. 18, 2019); *see also Walker v. Maryland*, 2017 WL 2684212, at *2 (D. Md. June 22, 2017) ("At the time of filing the instant Motion, the Defendants had yet to answer the Complaint and intervention would not unduly delay the case.").

### III. Conclusion

The Court should allow the NFL to intervene.

Dated: November 20, 2020

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Benjamin C. Block (DL by permission)*
Benjamin C. Block (D. Md. No. 15811)
Gregg H. Levy (*of counsel*)
Derek Ludwin (*of counsel*)
Jeffrey Cao (*of counsel*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Counsel for the National Football League*