UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

ROBERT ROTHMAN, et al.,

        Plaintiffs,

  -against-

DANIEL SNYDER,

        Defendant.

Case No. PJM-20-3290

**INTERVENOR NATIONAL FOOTBALL LEAGUE'S
MEMORANDUM REGARDING PLAINTIFFS' MOTION TO SEAL
AND THE WASHINGTON POST'S MOTION TO UNSEAL**

    The NFL has intervened in this proceeding to protect its right to have this dispute among holders of interests in one of its member clubs resolved via private arbitration under the auspices of the NFL Commissioner. Plaintiffs (Rothman, Schar, and Smith) committed to this method of dispute resolution upon acquiring their ownership interests, and plaintiffs initiated such an arbitration against defendant (Snyder) months ago. That interest provides a distinct and substantial basis for sealing materials submitted to this Court—preserving the confidentiality of an arbitration involving the internal affairs of a voluntary association.

    The NFL's Dispute Resolution Guidelines, which govern the parties' dispute, require the confidentiality of the arbitration hearings. The hearing officer appointed by the Commissioner has already entered an order, dated July 14, 2020, obligating the disputants to maintain the confidentiality of the arbitration proceeding initiated

—1—

by the plaintiffs against the defendant. That confidentiality order applies equally to the portion of the dispute recently brought by plaintiffs to this Court despite its certification by defendant to the Commissioner for resolution.

Because the merits of this dispute have been committed to resolution via private arbitration, this Court would be well within its discretion to maintain—at the very least until the Court resolves the jurisdictional issue (and thereafter if the Court directs the merits of this matter to arbitration)—the sealing of confidential materials. Doing so would be consistent with the strong federal policy encouraging the resolution of disputes by private arbitration.

## ARGUMENT

"The mere existence of a First Amendment right of access or of a common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988). Instead, these presumptions of access may be overcome by a countervailing interest that favors sealing court records. *See id.* The countervailing interest of the NFL in having this dispute resolved via private arbitration is such an interest. Indeed, the Washington Post recognizes (ECF No. at 39-1, at 2): "People 'who want secrecy should opt for arbitration'" (quoting *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)).

As the NFL has demonstrated in its jurisdictional brief, this dispute over ownership interests in the Washington Football Team has been committed to binding arbitration by the NFL Commissioner; plaintiffs themselves initiated that arbitration process in June. If the Court determines that the temporary order restraining

arbitration of the issues presented to this Court should be lifted, it will be resolved via that process, to which the parties have committed contractually. That includes the obligation to preserve the confidentiality of the arbitration proceedings, as required by Section 15 of the NFL Guidelines.

In exercising its "supervisory power over its own records" in this parallel litigation, this Court should balance the public's right of access against the strong public interest in preserving the confidentiality of private arbitration. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Public disclosure in this litigation of commercially sensitive material, or of information concerning the private arbitration process, would undermine the well-established public interest in encouraging parties to choose arbitration in the first instance.

There is "a liberal federal policy favoring arbitration agreements." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002). Congress enacted the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, "to avoid" litigation and to promote arbitration. *See, e.g.*, *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 275 (1995); *Adkins*, 303 F.3d at 500. Federal courts "rigorously enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes, and the rules under which that arbitration will be conducted." *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) (quotations and alteration omitted); *see AT&T Mobility v. Concepcion*, 563 U.S. 333, 344 (2011).

Those rules can and almost uniformly do include, as here, the requirement that arbitration "proceedings be kept confidential" to protect the parties' business or other

interests. *AT&T Mobility*, 563 U.S. at 344–45. Indeed, "confidentiality is a paradigmatic aspect of arbitration." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008). "[C]onfidentiality clauses are so common in the arbitration context that [a litigant's] attack on the confidentiality provision is, in part, an attack on the character of arbitration itself." *Id.* (quotation omitted). Rather than unsealing materials subject to confidential, private arbitration, honoring that confidentiality "promotes the voluntary execution of private arbitration agreements—a sound public policy objective." *Barkley v. Pizza Hut of Am., Inc.*, 2015 WL 5915817, at *2 (M.D. Fla. Oct. 8, 2015) (granting motion to seal arbitration awards).

In short, there is ample authority to support a decision by this Court to seal the documents submitted in this litigation, which would—and in the NFL's view should—otherwise proceed via private arbitration. In addition to the cases cited in the preceding paragraphs, that precedent includes *UBS Financial Services, Inc. v. Padussis*, which holds that when the parties had stipulated to the confidentiality of their arbitration proceeding, documents submitted in that proceeding should be sealed even if the Court's opinion rejecting a judicial challenge to the arbitration award was not. 127 F. Supp. 3d 483, 501 (D. Md. 2015); *see also, e.g.*, *Century Indemnity Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825, 827–28 (E.D. Pa. 2009) (granting motion to seal arbitration award because arbitration confidentiality was common industry practice and upholding that confidentiality promotes arbitration).

Preserving the confidentiality of arbitration also guards against untoward publicity. *See, e.g.*, *In re Knight Pub. Co.*, 743 F.2d at 236. That is in addition to the Court's well-established discretion to seal materials containing financial and sensitive business information, which is even more justified in light of the NFL's additional confidentiality rights. *See, e.g.*, *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Res. Org.*, 2020 WL 973751, at *13 (E.D. Va. Feb. 7, 2020) (granting motion to seal documents that "embrace[] confidential, commercial information that implicates legitimate business interests of the parties"); *East West, LLC v. Rahman*, 2012 WL 3843657, at *2–3 (E.D. Va. Sept. 4, 2012) (granting motion to seal); *Adams v. Object Innovation, Inc.*, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) (granting motion to seal portions of declaration and exhibits because, *inter alia*, "disclosure to the public could result in significant damage to the company").

Finally, contrary to the Post's suggestion in its motion to intervene (ECF No. 39-1 at 3–4), this is not a case implicating the core concern of First Amendment access—to allow citizens "to keep a watchful eye on the workings of public agencies ... [and] the operation of the government." *Nixon v. Warner Commncs., Inc.*, 435 U.S. 589, 598 (1978). This dispute instead is about the private ownership interests of a member of a private, voluntary organization. *Cf. Greenberg v. U.S. Dep't of Treasury*, 10 F. Supp. 2d 3, 25 (D.D.C. 1998) ("Whether the media and other members of the public may be interested in the information is not the relevant inquiry.").

*   *   *   *

To be sure, plaintiffs have put their confidential purchase offer at risk of disclosure by submitting it to this Court (albeit under seal) instead of bringing this dispute to be heard in the private arbitral forum to which they contractually committed. And, in opposing plaintiffs' request for an injunction, defendant has also submitted (albeit under seal) additional materials that are also the subject of proceedings in the private arbitration. In these circumstances, the NFL recognizes that the Court has discretion to determine whether or not to unseal these materials in its docket.

For the foregoing reasons, the NFL respectfully requests that this Court (i) recognize the League's interest in, and the strong public policy favoring, resolution of this dispute via private arbitration; and (ii) maintain the sealing of any confidential documents at least until the jurisdictional issue has been resolved—and thereafter if the Court agrees that the merits of this dispute must be resolved in arbitration. If the Court determines that some documents submitted to it may need to be unsealed, the parties should be given an opportunity to make a more specific, document-by-document showing of the harms of unsealing or to provide redacted versions.

Respectfully submitted,

    /s/Benjamin C. Block
Gregg H. Levy (glevy@cov.com)
Derek Ludwin (dludwin@cov.com)
Benjamin C. Block (D. Md. No. 15811)
bblock@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth St., NW
Washington, DC 20001-4956
(202) 662-6000

November 30, 2020                               *Counsel for National Football League*

## CERTIFICATE OF SERVICE

I, Benjamin C. Block, hereby certify that on November 30, 2020, I electronically filed the foregoing by CM/ECF. As required by Federal Rule of Civil Procedure 5(a), all parties required to be served have been served.

/s/Benjamin C. Block
Benjamin C. Block (D. Md. No. 15811)
Covington & Burling llp
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6205
bblock@cov.com
