UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

ROBERT ROTHMAN, et al.,

        Plaintiffs,

-against-

DANIEL SNYDER,

        Defendant.

<u>UNDER SEAL</u>

Case No. PJM-20-3290

INTERVENOR NATIONAL FOOTBALL LEAGUE'S
REPLY REGARDING THE NFL COMMISSIONER'S
EXCLUSIVE JURISDICTION TO ARBITRATE
THE PARTIES' DISPUTE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION ............................................................................................... 1

I.     Plaintiffs Do Not Request a "Provisional Or Ancillary" Remedy. ...................... 2

II.    The Stockholders Agreement Is Clear that the NFL Constitution Takes Precedence Over the Arbitration Provision in Section 18(b). ........................... 6

III.   Plaintiffs Cannot Invoke The "First-To-File" Rule To Avoid The Commissioner's Jurisdiction. ............................................................................ 9

CONCLUSION ................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*600 N. Frederick Rd., LLC v. Burlington Coat Factory of Md., LLC,*
   19 A.3d 837 (Md. 2011) ............................................................................... 7

*Aetrex Worldwide Inc. v. Sourcing For You Ltd.,*
   555 F. App'x 153 (3d Cir. 2014) ............................................................... 4, 5

*Aggarao v. MOL Ship Mgmt. Co., Ltd.,*
   675 F.3d 355 (4th Cir. 2012) ..................................................................... 10

*Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.,*
   675 F.2d 610 (4th Cir. 1982) ....................................................................... 9

*Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC,*
   870 F. Supp. 2d 441 (S.D. Tex. 2012) ........................................................ 5

*Asa v. Pictometry Intern. Corp.,*
   757 F. Supp. 2d 238 (W.D.N.Y. 2010) ....................................................... 4

*Baychar, Inc. v. Firsby Techs.,*
   2001 WL 856626 (D. Me. July 26, 2001) ................................................... 4

*Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc.,*
   140 F.2d 47 (4th Cir. 1944) ......................................................................... 9

*Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,*
   511 F.3d 535 (6th Cir. 2007) ..................................................................... 10

*Comedy Club, Inc. v. Improv West Assocs.,*
   553 F.3d 1277 (9th Cir. 2009) ..................................................................... 3

*DIRECTV, Inc. v. Mattingly,*
   829 A.2d 626 (Md. 2003) ............................................................................ 7

*Diversant, LLC v. Carino,*
   2018 WL 4562469 (D.N.J. Sept. 24, 2018) ................................................ 4

*DXP Enters. Inc. v. Goulds Pumps, Inc.,*
   2014 WL 5682465 (S.D. Tex. Nov. 4, 2014) .............................................. 5

*Elliott Mach. Corp. v. Modern Welding Co.,*
   502 F.2d 178 (4th Cir. 1974) ....................................................................... 9

*Green v. Pro Football Inc.*
 31 F. Supp. 3d 714 (D. Md. 2014) .............................................................................. 8

*Intellor Grp., Inc. v. Cicero*,
 2019 WL 1643549 (D. Md. Apr. 16, 2019) ................................................................. 9

*Kantsevoy v. LumenR LLC*,
 301 F. Supp. 3d 577 (D. Md. 2018) ............................................................................ 7

*Manion v. Nagin*,
 255 F.3d 535 (8th Cir. 2001) ....................................................................................... 4

*Matrix N. Am. Constr. Inc. v. SNC Lavalin Constructors, Inc.*,
 2018 WL 3707838 (D. Md. Aug. 2, 2018) .................................................................. 6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*,
 756 F.2d 1048 (4th Cir. 1985) ..................................................................................... 5

*Pisgah Labs, Inc. v. Pharmaforce, Inc.*,
 2005 WL 3116584 (W.D.N.C. Nov. 22, 2005) ........................................................... 5

*Platte River Ins. Co. v. Dignity Health*,
 2013 WL 1149656 (N.D. Cal. Mar. 19, 2013) ............................................................ 9

*Rourke v. Amchem Prods., Inc.*,
 863 A.2d 926 (Md. 2004) ............................................................................................ 6

*Scherk v. Alberto-Culver Co.*,
 417 U.S. 506 (1974) ................................................................................................... 10

*Seikaly v. Seikaly*,
 2019 WL 4141023 (D. Md. Aug. 29, 2019) ................................................................ 4

*Syscom, Inc. v. ACS State & Local Sols., Inc.*,
 2007 WL 9780603 (D. Md. Nov. 9, 2007) .................................................................. 5

## INTRODUCTION

The underlying dispute is among holders of ownership interests in an NFL member club and the rights afforded them in that capacity. The NFL Constitution and Bylaws, as well as the parties' Stockholders Agreement, provide for arbitration of such disputes before the NFL Commissioner. Plaintiffs instead seek from this Court a merits ruling and an injunction precluding arbitration. This Court should return this matter to arbitration before the Commissioner, where the parties—at plaintiffs' initiation—have been participating in a pending arbitration since June.

*First,* plaintiffs' request for a merits determination fails under any reading of the parties' contracts. Even if the parties were not required to arbitrate before the Commissioner pursuant to Section 22 of their Stockholders Agreement, they would still be required to arbitrate pursuant to Section 18. And even if Section 18(b)'s carve-out for "provisional or ancillary remedies" were applicable, that provision cannot encompass the remedies that plaintiffs seek.

*Second*, the plain reading of the Stockholders Agreement demonstrates that the parties' disputes are subject to arbitration (i) under NFL Rules when the Commissioner's jurisdiction is invoked, or (ii) under the separate arbitration provision in Section 18 when the Commissioner's jurisdiction is not invoked. That reading gives proper meaning to every provision. Plaintiffs' assertion that Section 18(b) trumps—or can be grafted onto—the NFL's arbitration procedures contravenes both governing principles of contract interpretation and Section 22's express provision that the Stockholders Agreement yields to the NFL Rules.

*Third*, plaintiffs' attempted invocation of the "first-to-file rule" fails. That "rule" has no application in determining whether a case should proceed in arbitration or in court. Further, the Stockholders Agreement expressly provides that seeking relief in court under Section 18(b) does *not* waive the right of any party to have the merits resolved by arbitration.

**ARGUMENT**

**I.      Plaintiffs Do Not Request a "Provisional Or Ancillary" Remedy.**

The parties are obligated to arbitrate the merits of *any* dispute between them—either before the Commissioner (if certified to him) or before an arbitral panel. *See* NFL Const. § 8.3(A) (vesting NFL Commissioner with "full, complete, and final jurisdiction and authority to arbitrate" "any dispute involving … two or more holders of an ownership interest in a member club of the League, certified to him by one of the disputants"); Stockholders Agreement § 18(a) ("Any controversy or claim between or among the parties hereto … shall be determined by binding arbitration.").

Here, the parties dispute whether plaintiffs have presented a valid offer to purchase their interests, and whether defendant has properly invoked his right-of-first-refusal. The merits of these claims before this Court have been certified (by defendant) to the NFL Commissioner. This is part of a larger dispute between these parties over their rights and obligations regarding ownership and management of the Washington Football Team, which has been proceeding in arbitration certified to the Commissioner by plaintiffs in June.

Nonetheless, plaintiffs ask this Court to determine the merits of this portion of the dispute; that is, to "determine and adjudicate the rights and liabilities of the

parties pursuant to Section 7 of the Stockholders Agreement," including "whether Mr. Snyder has validly exercised his right of first refusal regarding a proposed third-party offer to purchase[] Plaintiffs' ownership stake in WFI." (Opp. at 31–32). Plaintiffs seek a permanent injunction on these issues, (Compl. ¶ 82(E)(ii)), as well as an injunction prohibiting arbitration over this element of the parties' dispute.

Plaintiffs contend that Section 18(b) of the Stockholders Agreement allows them to ask this Court to resolve these merits issues and to preclude arbitration. Section 18(b) permits a party to the Stockholders Agreement to seek from a court "provisional or ancillary remedies such as (but not limited to) injunctive relief." Assuming, *arguendo*, that Section 18(b) is even applicable (*but see* Part II, below), the remedies that plaintiffs seek cannot be characterized as "provisional or ancillary."

While plaintiffs concede that permanent injunctive relief is not provisional, they assert that ancillary remedies "can include permanent injunctive relief." (Opp. at 27). Even if that were true in some limited circumstances (*e.g.*, an injunction requiring the parties to proceed in arbitration or enforcing an arbitral award), the relief sought here—to preclude arbitration from proceeding and to decide the merits in court—is not ancillary to the arbitration. It would replace arbitration altogether.

Plaintiffs do not cite a single case in which an arbitration agreement with a carve-out for provisional or ancillary remedies allowed a party to seek relief of the kind that they seek here. *See, e.g.*, *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1285–86 (9th Cir. 2009) (broad arbitration clause with carve-out allowing parties to seek "equitable remedies" in court granted court jurisdiction only on

—3—

equitable matters "ancillary to the arbitration"). Rather, courts regularly reject requests for injunctive relief that would require judicial merits determinations. In addition to the cases cited in the NFL's memo at 16–17, plaintiffs' own authorities so confirm. *See, e.g.*, *Seikaly v. Seikaly*, 2019 WL 4141023 (D. Md. Aug. 29, 2019) (declining request for injunction and staying litigation pending arbitral decision).[1]

Plaintiffs' other cited authority is inapposite. The non-precedential, unpublished, out-of-circuit decision in *Aetrex Worldwide Inc. v. Sourcing For You Ltd.*, 555 F. App'x 153 (3d Cir. 2014), involved an arbitration clause with a carve-out for seeking a "temporary restraining order or injunction." *Id.* at 153. The issue was whether or not "temporary" modified both "restraining order" and "injunction." As "temporary restraining order" was a well-recognized term, the panel held that "temporary" did not also modify "injunction" and thus that the arbitration agreement "unambiguously excepted requests for permanent injunctions." *Id.* at 155; *see also Diversant, LLC v. Carino*, 2018 WL 4562469, at *5 (D.N.J. Sept. 24, 2018) (citing *Aetrex* to permit seeking final injunctive relief when arbitration clause expressly exempted both "preliminary *and permanent* injunctive relief" (emphasis added)).

---

[1] *Accord, e.g.*, *Manion v. Nagin*, 255 F.3d 535, 538–39 (8th Cir. 2001) (affirming denial of injunctive relief that would require making "a determination on the merits of the underlying dispute, an issue for the arbitrator"); *Baychar, Inc. v. Firsby Techs.*, 2001 WL 856626, at *8–9 (D. Me. July 26, 2001) (denying request for injunctive relief that would "supplant[] the role of the arbitrator" and "interfere[] with the arbiter's attempts to decide the merits of the controversy"); *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 246 (W.D.N.Y. 2010) ("[I]t would be inappropriate … to reach any conclusions concerning the merits of each side's claims, before those claims have been submitted to the arbitration panel that will ultimately decide them.").

Because *Aetrex* dealt with a different and much broader carve-out provision, it is not pertinent here. Section 18(b) applies only to "provisional or ancillary remedies." *Aetrex* and similar cases that plaintiffs cite addressing broader carve-outs (Opp. at 17) offer them no support. *See, e.g.*, *DXP Enters. Inc. v. Goulds Pumps, Inc.*, 2014 WL 5682465, at *6 (S.D. Tex. Nov. 4, 2014) (distinguishing *Aetrex*; agreement did "not contain the kind of language strongly evidenc[ing] the parties' purpose to litigate all claims for injunctive relief").

Plaintiffs are also incorrect in challenging *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1052 (4th Cir. 1985), and its progeny—binding precedent rejecting calls for judicial relief that would render the arbitration process a "hollow formality." While plaintiffs urge the Court to ignore *Merrill Lynch* because the arbitration agreement there did not contain an explicit carve-out for provisional or ancillary relief (Opp. at 29), nothing in *Merrill Lynch* suggests that its reasoning applies only when there is no such carve-out. Indeed, cases within this Circuit and beyond have routinely applied *Merrill Lynch* to protect and enforce arbitration clauses that include injunctive carve-outs. *See, e.g.*, *Pisgah Labs, Inc. v. Pharmaforce, Inc.*, 2005 WL 3116584 (W.D.N.C. Nov. 22, 2005); *Syscom, Inc. v. ACS State & Local Sols., Inc.*, 2007 WL 9780603, at *5 (D. Md. Nov. 9, 2007) (relying on *Merrill Lynch* when arbitration agreement authorized parties to seek "provisional or ancillary" remedies); *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 870 F. Supp. 2d 441, 450–52 (S.D. Tex. 2012) (same).

## II. The Stockholders Agreement Is Clear that the NFL Constitution Takes Precedence Over the Arbitration Provision in Section 18(b).

All agree that the NFL Rules and the Stockholders Agreement "are to be construed together, harmoniously, so that … all of the provisions can be given effect." *Rourke v. Amchem Prods., Inc.*, 863 A.2d 926, 941 (Md. 2004).

Read together, the NFL Rules and the Stockholders Agreement provide for two distinct arbitral mechanisms. Section 8.3 of the NFL Constitution and Bylaws (to which the parties are bound under Section 22 of the Stockholders Agreement) requires a League-conducted arbitration procedure governed by the NFL Dispute Resolution Guidelines. Section 18 of the Stockholders Agreement creates a JAMS-conducted arbitration procedure and allows the parties to seek "provisional or ancillary remedies" in court as part of "this arbitration provision." League-conducted arbitration applies when either party certifies the dispute to the NFL Commissioner; JAMS-conducted arbitration is the designated mechanism in all other cases.

In short, a given dispute between the parties is to be submitted to League-conducted arbitration under Section 8.3(a) *or* to JAMS-conducted arbitration under Section 18—but not both—depending on whether the League's jurisdiction has been invoked. This binary construct is "[t]he most direct way to harmonize [these] [c]ontract sections" offering distinct arbitral mechanisms. *Matrix N. Am. Constr. Inc. v. SNC Lavalin Constructors, Inc.*, 2018 WL 3707838, at *9 (D. Md. Aug. 2, 2018).

Plaintiffs' contrary interpretation—that the Section 18(b) carve-out from *JAMS* arbitration allows them to circumvent or avoid the entirely separate *League* arbitration—goes far beyond contractual harmonization. It instead rewrites the

—6—

Stockholders Agreement. But one "may not, under the guise of construction, rewrite the contract made by the parties." *600 N. Frederick Rd., LLC v. Burlington Coat Factory of Md., LLC*, 19 A.3d 837, 852 (Md. 2011).

Section 18(b) provides that "[n]othing in *this* arbitration provision [i.e., Section 18] shall be deemed to … limit the right of any of the parties hereto to obtain from a court provisional or ancillary remedies … ." (emphasis added). In seeking to extract Section 18(b) and to graft it onto an arbitration under the NFL Constitution and Bylaws, plaintiffs are changing "*this* arbitration provision"—Section 18—into "*any* arbitration provision." That it not permissible. *See, e.g., Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 595 (D. Md. 2018) ("[A] court will not add or delete words to achieve a meaning not otherwise evident … ." (internal quotation marks omitted)).

Plaintiffs' construction would also have Section 18(b) of the Stockholders Agreement carve exceptions into the NFL Rules. That impermissibly renders meaningless Section 22's bolded "notwithstanding" clause, which establishes the NFL Rules' supremacy. *See, e.g.*, *DIRECTV, Inc. v. Mattingly*, 829 A.2d 626, 637 (Md. 2003) ("This Court has long declined to unnecessarily read provisions of contracts as meaningless."). Section 22 of the Stockholders Agreement makes clear that the arbitration process under the Constitution and Bylaws (conducted under League rules), when invoked, takes precedence over the process described in Section 18.

In arguing that the NFL "consented" to have the Commissioner's authority to arbitrate disputes overridden by the JAMS procedures in Section 18, plaintiffs get backward the plain language of Section 22. That Section—entitled "COMPLIANCE

WITH NFL RULES; PRECEDENCE OF NFL POLICIES"—is emphatic that "notwithstanding any agreement to the contrary, this [Stockholders] Agreement … [is] subject to the Constitution, Bylaws and other rules and regulations of the NFL," and even gives the NFL third-party beneficiary rights to enforce that obligation.

Plaintiffs agreed on multiple occasions, as a condition of their acquisition of ownership interests in an NFL team, to accept in full the NFL Constitution and Bylaws, as well as current and future NFL Rules promulgated by the Commissioner. (NFL Mem. at 3–5.) The League's letters approving plaintiffs' purchases of their ownership interests reflect the addition of Section 22 by noting that the Stockholders Agreement was amended as required by the League. (Opp. at 21.) These letters in no way reflect the League's consent to an end-run around the Commissioner's jurisdiction to arbitrate disputes certified to him for resolution.[2]

---

[2] Because established principles of contract interpretation favor arbitration here, the Court need not reach plaintiffs' argument that "courts that have considered the arbitrability of NFL-related disputes have not allowed the alleged principle of judicial non-interference in sports affairs to outweigh well-established contract interpretation principles." (Opp. at 31.) But it bears mention that plaintiffs' cited authority, involving disputes between players and teams, is inapposite. *Green v. Pro Football Inc.*, for example, addressed whether the player's claims were "covered by the Collective Bargaining Agreement" and therefore preempted by the Labor-Management Relations Act. *See* 31 F. Supp. 3d 714, 719 (D. Md. 2014). Because the Court found that certain claims were not preempted, it held that the CBA's arbitration provisions did not apply to those claims. *See id.* at 728. No such issues are presented here, as the Stockholders Agreement requires arbitration of disputes.

### III. Plaintiffs Cannot Invoke The "First-To-File" Rule To Avoid The Commissioner's Jurisdiction.

Plaintiffs acknowledge that the Commissioner has been asked to resolve the merits of the parties' disagreement about the offer and right-of-first-refusal. But relying on "first to file" grounds, plaintiffs contend that because they brought the claim to court first, the arbitration cannot proceed. That is not correct.

"The first-to-file rule provides that 'when multiple suits are filed in *different Federal courts* upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed.'" *Intellor Grp., Inc. v. Cicero*, 2019 WL 1643549, at *3 (D. Md. Apr. 16, 2019) (emphasis added) (quoting *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982)). Plaintiffs' cited authority stands for this unexceptional proposition. *See Elliott Mach. Corp. v. Modern Welding Co.*, 502 F.2d 178, 179–80 (4th Cir. 1974) (parallel district court suits); *Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc.*, 140 F.2d 47, 49 (4th Cir. 1944) (same).

But "this is not a situation where two cases are pending in two different federal district courts." *Platte River Ins. Co. v. Dignity Health*, 2013 WL 1149656, at *9 (N.D. Cal. Mar. 19, 2013). Here, "one action is in federal court and the other in arbitration"; as a result, "[t]he first-to-file doctrine is inapposite." *Id.* (For that reason, the Court need not address plaintiffs' contention (Opp. at 23) that this matter can be carved out from their broader dispute with defendant over the parties' respective rights under their Stockholders Agreement regarding ownership and management of the

Washington Football Team, which they are in the midst of arbitrating—at plaintiffs' initiation—before the Commissioner.)

Moreover, the parties' arbitration clauses are "a specialized kind of forum-selection clause," *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974), subject to the same legal principles applicable to forum-selection clauses, *see, e.g.*, *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365 & n.9 (4th Cir. 2012). Under those principles, as the parties' "agreement clearly mandate[s] that the parties' dispute be resolved" in a designated forum, a suit filed elsewhere seeks to "preempt resolution of the parties' dispute by the proper forum" and is thus "not entitled to any deference under the first-to-file rule." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007).

Finally, plaintiffs assert (Opp. at 19) that "nothing in Section [18(b)] … remotely suggests that a party's exercise of its right to pursue injunctive relief claims in court can be upended by another party's subsequent effort to bring injunctive relief claims on the same subjects in an NFL arbitration." Actually, Section 18(b) says exactly that in the next sentence: "The institution or maintenance of any action for provisional or ancillary remedies shall not constitute a waiver of the right of *any party* … to arbitrate the merits of the controversy or claim occasioning resort to such remedies" (emphasis added).

## CONCLUSION

The Court should reject plaintiffs' request to adjudicate their dispute on the merits and enjoin the arbitration, and should instead direct the parties to arbitrate their claims before the NFL Commissioner.

Respectfully submitted,

    /s/Benjamin C. Block
Gregg H. Levy (*pro hac vice*)
Derek Ludwin (*pro hac vice*)
Benjamin C. Block (D. Md. No. 15811)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
glevy@cov.com
dludwin@cov.com
bblock@cov.com

December 7, 2020

*Counsel for National Football League*

## CERTIFICATE OF SERVICE

I, Benjamin C. Block, hereby certify that on December 7, 2020, I electronically filed the foregoing by CM/ECF. As required by Federal Rule of Civil Procedure 5(a), all parties required to be served have been served.

/s/Benjamin C. Block
Benjamin C. Block (D. Md. No. 15811)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6205
bblock@cov.com
