UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

ROBERT ROTHMAN *et al.*

Plaintiffs,

– against –

DANIEL SNYDER

Defendant.

Case No. PJM-20-3290

# FINDINGS OF FACT AND LAW IN SUPPORT OF SEALING COMPLAINT & ORDER

## FINDINGS OF FACT

1. On November 13, 2020, Plaintiffs filed a Motion to Seal Entire Record (Dkt. No. 2), moving pursuant to Federal Rule of Civil Procedure 5.2(d)-(e), Local Rule 105.11 (D. Md.), and the Court's inherent power to manage its docket, for an order sealing the entire record and all pleadings filed in the above-captioned matter.

2. Pursuant to Local Rule 105.11, the Court placed the entire docket under seal, including the Complaint.

3. There is no prior order sealing the same materials in the pending action.

4. The Court has not ruled on the Motion to Seal for at least fourteen (14) days after it was entered on the public docket, to permit the filing of objections by interested parties.

5. The *Washington Post* filed a Motion to Intervene for the Purpose of Obtaining Public Access (Dkt. No. 39), which the Court granted (Dkt. No. 63).

6. The Court heard oral argument on Plaintiffs' Motion to Seal and the *Washington Post*'s objections thereto on December 8, 2020 (Dkt. No. 61).

7. The Court has considered the Motion to Seal, the *Washington Post*'s objections to same, and the papers submitted by the parties and Intervenor the National Football League in connection with same, pursuant to Local Rule 105.11.

8. On December 10, 2020, in accordance with the Court's memorandum order of December 8, 2020 (Dkt. No. 63), Plaintiffs and Defendant submitted proposed redacted versions of the Complaint to the Court by email.

9. The redacted portions of the Complaint concern a Confidential Proposal made by third parties to purchase Plaintiffs' stock in Washington Football Inc. ("WFI"), and the negotiations between Plaintiffs and Defendant Snyder related to that confidential proposal.

10. Having reviewed the submissions of the parties, the Court finds that they have established that the contents of the Confidential Proposal and discussion among the parties, or between any of the parties and the prospective purchasers, concerning the Confidential Proposal are sensitive business information, the disclosure of which would cause Plaintiffs harm and put them at a competitive disadvantage.

11. The Confidential Proposal expressly provides that the existence of the Confidential Proposal, its terms, and negotiations related to the Confidential Proposal must be kept strictly confidential and cannot be disclosed to third parties. Dkt. 9-7 (Confidential Proposal); Dkt. 9-2 (Rothman Decl.) ¶ 13.

12. The Court further finds that Plaintiffs have established that failure to keep confidential the Confidential Proposal's terms and the negotiations between the parties related to the Confidential Proposal could jeopardize the potential transaction that is the subject of the

Confidential Proposal. Plaintiffs have demonstrated that they might well be placed at a competitive disadvantage if such information was disclosed, because disclosure would likely cause the potential purchasers to withdraw their offer, and at the very least could jeopardize the prospects for consummation of the transaction. Dkt. 9-2 (Rothman Decl.) ¶ 11; Dkt. 22 (Schar Decl.) ¶ 6; Dkt. 22 (Smith Decl.) ¶ 8.

## CONCLUSIONS OF LAW

13. The Court has the power to seal to prevent the discovery of confidential information to the public. Federal Rule of Civil Procedure 5.2(d) states, "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." This Court's Local Rule 105.11 provides that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

14. Local Rule 105.11 "endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 580 (1978), while recognizing that competing interests sometimes outweigh the public's right of access, *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012).

15. Plaintiffs, in their Motion to Seal, their accompanying Memorandum of Reasoning and Authorities, and their response to the *Washington Post*'s Motion to Intervene, have established (a) a proper basis for sealing the redacted portions of the Complaint, (b) the potential for a clearly defined injury should redacted portions of the Complaint become public, and (c) why a less restrictive alternative to sealing is not available.

16. Plaintiffs have satisfied their burden of proving under Local Rule 105.11 that the redacted portions of the Complaint contain confidential information that is entitled to protection. The proposed redacted portions of the Complaint, as slightly modified by the Court, concern the terms of the Confidential Proposal and negotiations between the parties related to the Confidential Proposal. The redacted portions of the Complaint therefore contain confidential business information. *See, e.g., Barimah v. Bank of Am., Inc.*, 2016 WL 4089564, at *8 (D. Md. Aug. 2, 2016) (sealing documents that contain confidential business information regarding a party's procedures in investigating a fraud claim); *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 690 (D. Md. 2012) (sealing information considered to be trade secrets); *Padco Advisors, Inc. v. Omdahl*, 179 F. Supp. 2d 600, 614-15 (D. Md. 2002) (sealing exhibits on the grounds that the exhibits contain valuable trade secrets that the parties have a significant interest in protecting).

17. Public disclosure of the redacted information would cause injury to Plaintiffs by revealing information about the Confidential Proposal that would jeopardize the transaction at issue. Disclosure of the existence of the Confidential Proposals, its terms, and the confidential negotiations might risk having the entire Confidential Proposal cancelled. Dkt. 9-2 (Rothman Decl.) ¶ 11; Dkt. 22 (Schar Decl.) ¶ 6; Dkt. 22 (Smith Decl.) ¶ 8. Disclosure of a "potential transaction" between Plaintiffs and third parties "could allow others to obtain a competitive advantage and, accordingly, the court concludes that this risk constitutes an overriding interest to the public's right of access to these documents." *Kantsevoy v. LumenR, LLC*, 2017 WL 11456498, at *5 (D. Md. Nov. 27, 2017).

18. Furthermore, disclosure of the negotiations could have a chilling effect on the negotiation, just as Federal Rule of Evidence 408 reflects that disclosure of settlement negotiations can have a chilling effect on those negotiations.

19. Furthermore, the Confidential Proposal concerns business information of third parties to this dispute: the potential purchasers of Plaintiffs' stakes in WFI. The identity of the potential purchasers should remain under seal, because disclosure of their identities and the Confidential Proposal may jeopardize the potential transaction. *See* Dkt. 9-2 (Rothman Decl.) ¶ 11; *see also Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 95 F. Supp. 3d 860, 882 (D. Md. 2015) (sealing information concerning plaintiff's "relationships with third parties, including estimated revenue streams, negotiations, favorable contract terms, and other commercially sensitive information"), *aff'd*, 885 F.3d 271 (4th Cir. 2018).

20. Any leaks to the media that may already have occurred do not nullify Plaintiffs' overriding interest in keeping the Confidential Proposal confidential. *See In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 428 (9th Cir. 2011) ("[E]ven after accurate confidential information has been disclosed in national newspapers, the subjects of such leaked confidential data retain[] their interests in preventing further disclosure."); *In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1364 (N.D. Ga. 2002) ("[S]everal cases suggest, at least inferentially, that sealed or confidential documents do not become matters of public record simply because they are leaked to members of the public, . . . or even where they are actually reported by the press and widely disseminated in another medium." (citations omitted)).

21. Plaintiffs have demonstrated that there is no less restrictive alternative to sealing the redacted portions of the Complaint. The redactions to the Complaint, as slightly modified by the Court, are tailored and limited to the sensitive information therein, and the unredacted portions of the Complaint provide sufficient information to the public regarding the nature of the parties' dispute. The limited redactions serve to safeguard Plaintiffs' rights and legitimate interest in keeping such information private.

**ORDER**

Accordingly, it is this 10th day of December 2020, by the U.S. District Court for the District Court of Maryland, **ORDERED** that the original Complaint (Dkt. No. 1) shall remain **SEALED**. It is further **ORDERED** that the attachments to the Complaint be **UNSEALED**. The Court has reviewed and accepted the parties' proposed redactions, has slightly modified them, and has prepared a Redacted Version of the Complaint. It is further **ORDERED** that the Court's Redacted Version of the Complaint shall be promptly placed on the public docket.

/s/ Peter J. Messitte
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE