LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

NICHOLAS G. GAMSE
(202) 434-5690
ngamse@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 14, 2020


<u>Via Email and CM/ECF</u>

Hon. Peter J. Messitte
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    *Rothman et al. v. Snyder*, Civ. No. PJM-20-3290

Dear Judge Messitte:

      We write in connection to the Court's December 8, 2020 Order in which the Court ordered "Plaintiffs, Defendant, and the NFL" to "submit to the Court proposed findings of fact and law that would justify the proposed redactions as to each court filing." Dkt. No. 63. It appears that on Thursday, December 10, the parties submitted their proposals via private email to chambers rather than on the public docket, and may be planning to do so again with their submissions due later today. The Post believes that these pleadings should be filed on the public docket, and respectfully requests that the Court either (1) clarify its order and instruct the parties to file their briefing on the docket; or (2) unseal the briefing itself.

      There are at least four reasons why the proposed findings of fact and law should be filed on the public docket. First, the Post and public have a presumptive common law and First Amendment right of access to review and respond to pleadings submitted in connection with a motion to seal. *See* Dkt. No. 39-1, at 10-11; *Doe v. Public Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) ("[T]he First Amendment right of access extends to materials submitted in conjunction with judicial proceedings that themselves would trigger the right to access."); *see also, e.g.*, L.R. 105.11 (motion to seal must be "entered on the public docket"). If the public does not even have an ability to evaluate the arguments made in support of sealing, it cannot effectively defend its right of access. *See Doe*, 749 F.3d at 268-69. Relatedly, if briefing is submitted via email to chambers, it is a particularly concerning threat to that right of access because those pleadings are not reflected on the docket sheet, and "no one can challenge closure of a document or proceeding that is itself a secret." *Id.* at 268.

Second, to-date, the parties have not made any written arguments in any of their public briefing that could substantiate potential redactions on a document-by-document basis. The Post appreciates that the parties will now attempt to support such redactions in their new submissions, and submits that the Post and public should be entitled to see those new arguments, and to have "reasonable opportunity" to respond to them. *See, e.g.*, *id.* at 272; L.R. 105.11. To be clear, the Post does not anticipate that it would take a position on more than a small number of the dozens of documents at issue, but believes that the public must at least be given an opportunity to challenge the arguments made before the revised motion is adjudicated.

Third, to the extent any party or nonparty appeals any part of the Court's sealing decision, the proposed findings of fact and law should be a part of the appellate record.

Fourth, even if there were some basis to keep a portion of the proposed findings of fact and law under seal, those portions should, at most, be redacted. For example, it cannot be the case that total sealing is required for legal argument and citations included in the proposed conclusions of law. *See Doe*, 749 F.3d at 272. To be sure, the Post is skeptical that any redaction would be necessary for the briefing here, particularly considering that there were no redactions or sealing necessary in (a) the parties' recent briefing in opposition to the Post's motion; (b) the recent hearing on the Post's motion; or (c) the Court's findings of fact and law regarding the complaint, *see* Dkt. No. 65.

Pursuant to Local Rule 105.9, counsel for the Post contacted counsel for the Plaintiffs, Defendant, and the NFL early Friday morning and again on Sunday to request their consent to file their proposed findings of fact and law on the docket. Plaintiffs stated that they "cannot" consent to the request, because they believe it "differs from what the Court ordered." As of the time of this letter, counsel for the Defendant and NFL have not responded to the Post's inquiries.

For the foregoing reasons, the Post respectfully requests that the Court take steps to ensure that the proposed findings of fact and law are filed on the public docket.

Sincerely,

Nicholas G. Gamse

*Counsel for WP Company LLC d/b/a The Washington Post*