IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT ROTHMAN *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil No. **20-3290 PJM** |
| | * |
| DANIEL SNYDER, | * |
| | * |
| Defendant. | * |

## SUPPLEMENTAL OPINION AND ORDER

Plaintiffs Robert Rothman, Dwight Schar, and Frederick Smith are stockholders of Washington Football Inc. ("WFI"), which owns the Washington Football Team, a member of the National Football League ("NFL"). They seek to sell their minority shares in WFI and have received a confidential proposed offer to purchase those shares. Defendant Daniel Snyder, the majority stockholder in WFI, is also its chief executive officer. Defendant seeks to block the proposed sale of Plaintiffs' shares by exercising a right of first refusal pursuant to the Second Amended and Restated Shareholders Agreement ("Stockholder Agreement"), to which all shareholders are signatories. Plaintiffs brought the present suit on November 13, 2020, asking the Court to temporarily and preliminarily enjoin Defendant from exercising the right of first refusal and to ultimately declare that Defendant's attempt to do so is improper. Defendant and the NFL, as intervenor, object to the Court's exercise of jurisdiction on the ground that the case belongs in arbitration rather than federal court.

Along with their initial complaint, Plaintiffs filed a motion to seal the entire case, which the Court has partially ruled on. The motion is opposed by the *Washington Post*, which intervened for the purpose of objecting to sealing the record. *See Doe v. Pub. Citizen*, 749 F.3d 246, 262 (4th Cir. 2014) (finding intervention the proper procedure for news organizations to challenge a district

court's sealing order). The *Washington Post* and the parties have now filed their respective memoranda in support or opposition to sealing, as to which oral argument was held virtually on December 8. On December 10, the Court issued an initial Findings of Fact and Law in Support of Sealing the Complaint and Order and directed the Clerk to file the Court's redacted version of the complaint on the public docket. This Supplemental Order expands on the Court's initial findings of fact and law and directs the Clerk to unseal a considerable part of the docket and to file the Court's redacted versions of several documents that will remain under seal.

## I. LEGAL STANDARD

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). Thus, the public has a presumptive right of access to case documents and materials, and that right "may be abrogated only in unusual circumstances." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). In the Fourth Circuit, a district court considering closing public access to judicial records "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004).

As to procedure, a district court must "(1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives." *Doe*, 749 F.3d at 272 (citing *In re Knight Pub. Co.*, 743 F.2d 231, 234–35 (4th Cir. 1984)). The court must "act on a sealing request as expeditiously as possible," since "[e]ach passing day may constitute a separate and cognizable infringement of the First Amendment." *Id.* at 272–73 (quoting *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)).

As to substance, the court must first determine from which of "two independent sources" the public's right of access derives: the common law or the First Amendment. *Va. Dep't of State Police*, 386 F.3d at 575. Because the protection offered by each of these sources differs in breadth and depth, the court can "accurately weigh the competing interests at stake" only after it has made this determination as to each filing subject to the motion to seal. *Id.* at 576 (quoting *Stone*, 855 F.2d at 181).

Under the First Amendment, the public may be denied access to particular court filings only when it is "necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). This rigorous standard applies only to certain kinds of documents, such as complaints and summary judgment motions in civil cases. *See id.* To determine whether this presumption attaches, the court must consider "experience and logic"—i.e., "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Appl. of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* (*Appelbaum*), 707 F.3d 283, 291 (4th Cir. 2013) (quoting *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). A party seeking closure of filings that meet this test bears the burden of overcoming the First Amendment presumption in favor of access, and that party "must present specific reasons in support of its position," rather than "conclusory assertion[s]." *Va. Dep't of State Police*, 386 F.3d at 575 (citing *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 15 (1986)).

The common law presumption in favor of access, while more broadly applicable, is less rigorous. *See Rushford*, 846 F.2d at 253. This presumption "attaches to all 'judicial records and documents,'" *Stone*, 855 F.2d at 180 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

(1978)), but "can be rebutted if countervailing interests heavily outweigh the public interests in access," *Rushford*, 846 F.2d at 253. Again, the party seeking closure "bears the burden of showing some significant interest that outweighs the presumption." *Id.* Whether such interest outweighs the common law right of access is "left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In all cases, this Court's local rules further provide that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents" must "include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 105.11.

## II. FINDINGS OF FACT AND LAW

It is clear that Court cannot seal the entire case in one fell swoop based on a general assertion of confidentiality, as Plaintiffs' motion to seal would have it. The Court must address each filing and justify its closure with specificity before ordering that it be sealed in whole or part.[1] The Court first decides which judicial records and documents in this matter fall under the constitutional presumption and which fall under the common law presumption of public right of access. The Court then considers the interests asserted in favor of overcoming that presumption for individual filings.

---

[1] The decisions the parties cite in support of sealing the entire record in fact only considered closing public access to certain individual documents and only sealed specific exhibits or permitted narrow redactions to prevent specific harms. Moreover, most of the cited decisions to seal were unopposed, further diminishing their persuasive power here. *Cf. Va. Dep't of State Police*, 386 F.3d at 577 n.6 (explicitly distinguishing the case before it from *Pittston* "because here (unlike *Pittston*) we have the intervention by the Media Appellees" opposing sealing). The parties do not point to a single case in which the court sealed an entire case, or even an entire complaint or dispositive motion. That is not to say that there exists no circumstance under which total closure would be warranted—but this case is not it. In any event, at oral argument, Plaintiffs mitigated their initial position considerably, conceding that entire sealing of the record was not necessary.

**A.**

The Court finds that both "experience and logic," as well as precedent, mandate that the First Amendment right of access attaches to the complaint. *See Appelbaum*, 707 F.3d at 291. It also attaches to the parties' briefing on the question of the Court's jurisdiction. *See Rushford*, 846 F.2d at 252–53.

Because the present case is at such an early stage, it may not be immediately ascertainable whether the First Amendment or common law presumption applies with respect to each remaining filing. An important consideration in this determination is whether the documents "play any role in the adjudicative process." *In re Pol'y Mgmt. Sys. Corp.*, 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. 1995) (unpublished table decision) (finding that the First Amendment presumption does not extend to documents attached to motion to dismiss, as "the court can rule on the motion without considering the materials"). Depending upon whether the Court assumes full jurisdiction over this case, certain other documents may fall under the First Amendment presumption and may in fact be appropriate for public disclosure in their entirety. Nonetheless, at this point, the Court finds that the remainder of the filings in the record are covered by the broader but less rigorous common law presumption of access.

**B.**

The Court considers the interests asserted in support of sealing. Plaintiffs, Defendant, and the NFL all generally support sealing the record and suggest distinct but overlapping interests. Their justifications for sealing and redacting parts of the record organize the protected material into three categories: (1) confidential business information, including the confidential proposal to purchase Plaintiffs' shares in WFI; (2) information pertaining to confidential arbitration proceedings involving the same parties; and (3) private personal information.

**1. Confidential Business Information and Confidential Proposal**

Plaintiffs argue that the record should be sealed because the dispute arises out of a confidential proposal, the existence, terms, and negotiations of which are "sensitive business information" that must be kept "strictly confidential." Plaintiffs contend that unsealing the case would breach the proposal and risk cancellation of the proposed transaction. Defendants and the NFL further contend that other information in the record, including certain portions of the Stockholders Agreement not relevant to this dispute, constitutes confidential business information that should remain sealed.

The Fourth Circuit has recognized that a business may have "a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269. "[E]ven under the more stringent First Amendment right," certain documents may merit protection if they "contain confidential and proprietary information" that could provide "'an opportunity to obtain an advantage over competitors' and therefore may be considered to be trade secrets." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 690 (D. Md. 2012) (quoting *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 122 (D. Md. 2009)); *see also Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 95 F. Supp. 3d 860, 884 (D. Md. 2015) (partially redacting memorandum in support of summary judgment motion to protect "confidential information that [the defendant] justified as being commercially sensitive"). To merit protection, a party must offer more than "boilerplate recitations" of confidentiality, and "redactions must be limited to information specifically identified" as sensitive and confidential. *Graham v. Famous Dave's of Am., Inc.*, No. 19-486-DKC, 2020 WL 5653231, at *17 (D. Md. Sept. 23, 2020).

As the Court explained in its December 10 order, it finds that Plaintiffs have proffered findings of fact and law sufficient to justify redacting any references to specific terms of the confidential proposal, including the identities of the proposed purchasers. The Court agrees that disclosure of this information could jeopardize the potential transaction. In addition, the Court finds that the same reasoning applies with respect to certain proprietary information in the record that will not bear on the Court's decision in this case, such as unrelated provisions of the Stockholders' Agreement.

Accordingly, any filings containing such confidential business information are and will be subject to narrow redactions to protect such information.

**2. Confidential Arbitration**

Defendant and the NFL also argue that the related, ongoing arbitration proceedings before the NFL Commissioner should remain confidential, both because the proceedings are subject to a confidentiality order and because disclosure would harm the parties' business and other interests.

Although confidentiality agreements do not on their own justify closure, *see, e.g.*, *Antech Diagnostics, Inc. v. Morwalk, Inc.*, No. 13-68-DKC, 2013 WL 3353772, at *8 (D. Md. July 2, 2013), this Court and others have recognized that it is in some instances proper to respect the confidentiality of arbitration to protect parties' business interests and the integrity of arbitration itself, *see, e.g.*, *UBS Fin. Servs., Inc. v. Padussis*, 127 F. Supp. 3d 483, 501 (D. Md. 2015) (sealing certain exhibits containing arbitration filings); *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825, 827–28 (E.D. Pa. 2009) (granting motion to seal arbitration award). *See generally AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344–45 (2011) (explaining that "affording parties discretion in designing arbitration processes" can allow parties to specify "that proceedings be kept confidential to protect trade secrets"). This is particularly true

where—as here—the judicial proceedings are in their early stages and the court's jurisdiction is not assured. *See Am. Bankers Ins. Co. v. Nat'l Cas. Co.*, No. 08-cv-13522, 2009 WL 257890, at *2 (E.D. Mich. Feb. 3, 2009).

Accordingly, the Court finds that the confidentiality interests of the ongoing arbitration before the NFL Commissioner and the related business interests of the parties suffice to justify narrowly redacting information pertaining to those proceedings.

### 3. Private Personal Information

Finally, the parties propose sealing or redacting several exhibits on the basis of protecting private personal information. It is well established that parties may properly redact private personal information, including home addresses, personal phone numbers, and email addresses. *See, e.g.*, Fed. R. Civ. P. 5.2(a) (requiring parties to partially redact individuals' social security numbers, taxpayer-identification numbers, birth dates, names of minors, and financial-account numbers); *Young v. United Parcel Serv., Inc.*, No. 08-2586-DKC, 2011 WL 665321, at *22 (D. Md. Feb. 14, 2011) (granting motions to seal exhibits containing, in part, "personal employee information"), *vacated on other grounds*, 575 U.S. 206 (2015); *Reaves v. Jewell*, No. 14-2245-DKC, 2014 WL 6698717, at *2 (D. Md. Nov. 26, 2014) (granting motion to redact certain personal identifying information, including plaintiff's personal contact information).

Certain exhibits in the record do contain the home addresses, phone numbers, and email addresses of both parties and nonparties to this litigation. The Court finds that narrowly redacting this private personal information is justified. In addition, several of Defendant's exhibits accompanying his opposition to Plaintiffs' motion for a preliminary injunction consist of the phone records, call logs, and text messages of nonparties to this case. Because these exhibits contain private information of nonparties—some of whom are unidentified—and because they do not bear

on any issues pending in this matter, the Court finds it proper for those exhibits to remain sealed in their entirety. *See generally Dorsey*, 888 F. Supp. 2d at 691 ("Less drastic alternatives to sealing—such as targeted redaction—would be overly burdensome given the minimal public interest at stake.").

### III. ORDER

Accordingly, it is, this 17th day of December 2020, **ORDERED** that the following filings shall be unsealed in their entirety:

- ECF No. 3, Notice of Appearance by Theodore B. Kiviat
- ECF No. 4, Notice of Appearance by Adam L. Van Grack
- ECF No. 5, Motion to Appear Pro Hac Vice by Stephen R. Neuwirth
- ECF No. 6, Motion to Appear Pro Hac Vice by Jeremy Baldoni
- ECF No. 7, Motion to Appear Pro Hac Vice by Julia M. Beskin
- ECF No. 8, Summons Issued 21 days as to Daniel Snyder
- ECF No. 9-6, Exhibit 2 to Beskin Declaration (May 14, 2020, Letter from Plaintiffs to Snyder)
- ECF No. 9-11, Exhibit 7 to Beskin Declaration (Nov. 3, 2020, Email A. Levander to D. Koche)
- ECF No. 9-14, Exhibit 10 to Beskin Declaration ("intentionally omitted")
- ECF No. 9-15, Exhibit 11 to Beskin Declaration ("intentionally omitted")
- ECF No. 9-16, Exhibit 13 to Beskin Declaration (NFL Dispute Resolution Guidelines)
- ECF No. 10, Plaintiffs' Emergency Motion for Protective Orders
- ECF No. 10-2, Declaration of Adam L. Van Grack
- ECF No. 10-3, Proposed Temporary Protective Order
- ECF No. 10-4, Proposed Permanent Protective Order
- ECF No. 11, Plaintiffs' *Ex Parte* Motion to Shorten Time
- ECF No. 11-1, Memorandum of Reasoning and Authorities in Support of Plaintiffs' *Ex Parte* Motion to Shorten Time
- ECF No. 11-2, Proposed Order to Shorten Time
- ECF No. 12, Exhibit 12 to Beskin Declaration (NFL Constitution and Bylaws)
- ECF No. 17, Notice of Appearance by Rachel Theora McGuckian
- ECF No. 18, Motion to Appear Pro Hac Vice for Andrew Levander
- ECF No. 19, Motion to Appear Pro Hac Vice for Neil A. Steiner
- ECF No. 20, Motion to Appear Pro Hac Vice for Joseph Tacopina

- ECF No. 26-1, Declaration of Andrew L. Levander
- ECF No. 27-1, Exhibit 2 to Levander Declaration (June 1, 2020, Letter)
- ECF No. 27-9, Exhibit 10 to Levander Declaration (screenshot of Snyder's text message)
- ECF No. 27-12, Exhibit 13 to Levander Declaration ("intentionally omitted")
- ECF No. 27-13, Exhibit 14 to Levander Declaration (November 11, 2020, Email from S. Neuwirth to A. Levander)
- ECF No. 27-14, Exhibit 15 to Levander Declaration ("intentionally omitted")
- ECF No. 27-15, Exhibit 16 to Levander Declaration (Email from *New York Times*)
- ECF No. 27-16, Exhibit 17 to Levander Declaration (Nov. 13, 2020, Email from Ken Belson to C. Winters)
- ECF No. 28, Minute Entry—Telephone Conference
- ECF No. 29, Motion to Appear Pro Hac Vice for David L. Koche
- ECF No. 30, Minute Entry—Telephone Conference
- ECF No. 31, Order memorializing telephone conference
- ECF No. 34, Motion to Appear Pro Hac Vice for Christina Sarchio
- ECF No. 35, Unopposed Motion to Intervene by the NFL
- ECF No. 35-1, Memorandum of Law in Support of the NFL's Unopposed Motion to Intervene
- ECF No. 35-2, Proposed Order granting Motion to Intervene
- ECF No. 36, Order granting Unopposed Motion to Intervene by the NFL
- ECF No. 52, Intervenor NFL's Memorandum of Law Regarding the NFL Commissioner's Exclusive Jurisdiction
- ECF No. 50-1, Supplemental Declaration of Julia M. Beskin
- ECF No. 50-6, Exhibit 18 to Supplemental Beskin Declaration (JAMS contract)
- ECF No. 60, Intervenor NFL's Reply Regarding the NFL Commissioner's Exclusive Jurisdiction

It is further **ORDERED** that all other sealed original filings shall remain under seal.

As to sealed documents subject to redaction, the parties submitted proposed redactions directly to the Court, pursuant to the Court's memorandum order of December 8, 2020. The Court has reviewed the proposed redactions and accepts them with slight modifications. Accordingly, it is further **ORDERED** that the Court's redacted versions of the following documents shall be promptly placed on the public docket:

- ECF No. 9, Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction
- ECF No. 9-1, Plaintiffs' Memorandum of Law in Support of Their Motion for a Temporary Restraining Order and Preliminary Injunction
- ECF No. 9-2, Declaration of David L. Koche
- ECF No. 9-3, Declaration of Robert Rothman
- ECF No. 9-4, Declaration of Julia M. Beskin
- ECF No. 9-5, Exhibit 1 to Beskin Declaration (Stockholders Agreement)
- ECF No. 9-7, Exhibit 3 to Beskin Declaration (Confidential Proposal)
- ECF No. 9-8, Exhibit 4 to Beskin Declaration (Oct. 23, 2020, Notice of Intent to Sell)
- ECF No. 9-9, Exhibit 5 to Beskin Declaration (Oct. 26, 2020, Email from D. Koche to A. Levander)
- ECF No. 9-10, Exhibit 6 to Beskin Declaration (Oct. 29, 2020, Email from D. Koche to A. Levander)
- ECF No. 9-12, Exhibit 8 to Beskin Declaration (Nov. 9, 2020, Letter from A. Levander to D. Koche)
- ECF No. 9-13, Exhibit 9 to Beskin Declaration (Nov. 9, 2020, Email and Attachments)
- ECF No. 9-17, Temporary Restraining Order Proposed Order
- ECF No. 9-18, Preliminary Injunction Proposed Order
- ECF No. 10-1, Memorandum of Reasoning and Authorities in Support of Plaintiffs' Emergency Motion for Protective Orders
- ECF No. 22, Plaintiffs' Supplemental Declarations
- ECF No. 25, Defendant's Response to Plaintiffs' Emergency Motion for Protective Orders
- ECF No. 26, Defendant's Response in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Inunction
- ECF No. 27, Exhibit 1 to Levander Declaration (Stockholders Agreement)
- ECF No. 27-17, Exhibit 18 to Levander Declaration (July 10, 2020, Email from Jenny Robertson to Fred Smith)
- ECF No. 27-18, Exhibit 19 to Levander Declaration (July 10, 2020, Email from Fred Smith to Jenny Robertson)
- ECF No. 50, Plaintiffs' Memorandum of Law in Opposition to the NFL's Memorandum Regarding Jurisdiction
- ECF No. 50-2, Exhibit 14 to Supplemental Beskin Declaration (First Amended Stockholders Agreement)
- ECF No. 50-3, Exhibit 15 to Supplemental Beskin Declaration (2003 NFL Consent Letter)

- ECF No. 50-4, Exhibit 16 to Supplemental Beskin Declaration (2005 NFL Consent Letter)
- ECF No. 50-5, Exhibit 17 to Supplemental Beskin Declaration (signature pages)
- ECF No. 53, Defendant's Response to NFL's Memorandum of Law Regarding the NFL Commissioner's Exclusive Jurisdiction

Finally, to accompany their proposed redactions, Plaintiffs and Defendant submitted directly to the Court supplemental memoranda of reasoning and authorities in support of sealing, pursuant to the Court's memorandum order of December 8, 2020. The Court also directs the Clerk to place on the public docket Plaintiffs' memorandum (without redactions) and Defendant's memorandum (with the Court's narrow redactions to protect information pertaining to the arbitration), attached hereto.

                                                                               /s/
                                          **PETER J. MESSITTE**
                                  **UNITED STATES DISTRICT JUDGE**