UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ROBERT ROTHMAN et al.<br><br>                      Plaintiffs,<br><br>– against –<br><br>DANIEL SNYDER<br><br>                      Defendant. | <u>**FILED UNDER SEAL**</u><br><br>Case No. PJM-20-3290 |

**PLAINTIFFS' EMERGENCY MOTION CONCERNING VIOLATION OF THE COURT'S NOVEMBER 19, 2020 ORDER (Dkt. No. 31) AND MEMORANDUM OF LAW**

Plaintiffs Robert Rothman, Dwight C. Schar, and Frederick W. Smith ("**Plaintiffs**") respectfully submit this emergency motion to address Defendant's violation of this Court's November 19, 2020 Order (Dkt. No. 31) (the "**November 19 Order**").

1.    This Court's November 19 Order expressly provides, in relevant part: "No party to this case shall take any action to interfere with the rights of any other party relative to this case (***e.g., by way of disparagement or otherwise***) – more specifically, the right of Plaintiffs to continue to negotiate with the proposed purchasers of Plaintiffs' stock in Washington Football Inc. and to pursue due diligence and the right of Defendant Snyder to claim a right of first refusal to purchase said stock."  November 19 Order at ¶ 9.  The November 19 Order also expressly provides that "neither parties to this case nor Plaintiffs' prospective purchasers may disclose to or use with any third party any information or document related to the sealed record in this case."

2.    This Court's Findings of Fact and Conclusions of Law in Support of Sealing Complaint and Order dated December 10, 2020 (Dkt. No. 65) found: "Having reviewed the

submissions of the parties, the Court finds that they have established that the contents of the Confidential Proposal and discussion among the parties, or between any of the parties and the prospective purchasers, concerning the Confidential Proposal are sensitive business information, the disclosure of which would cause Plaintiffs harm and put them at a competitive disadvantage." *Id.*, Dkt. No. 65 at ¶ 10. This Court's Supplemental Opinion and Order dated December 17, 2020 (Dkt. No. 69) similarly held: "As the Court explained in its December 10 order, it finds that Plaintiffs have proffered findings of fact and law sufficient to justify redacting any references to specific terms of the confidential proposal, including the identities of the proposed purchasers. The Court agrees that disclosure of this information could jeopardize the potential transaction." *Id.*, Dkt. No. 69 at 7.

3. Notwithstanding this Court's orders, counsel for Plaintiffs today received an email message from a reporter at the New York Times, making clear that Defendant Snyder or his agents have disclosed to the New York Times confidential information about discussions among the parties related to the Confidential Proposal and Mr. Snyder's related potential exercise of his right of first refusal, which are the subject of sealed portions of the record in this litigation. Moreover, this disclosure to the New York Times was plainly intended to disparage Plaintiffs and interfere with the right to pursue a transaction under the Confidential Proposal.

4. Specifically, David Koche, counsel of record for Plaintiffs in this litigation, this morning received an email from Katie Rosman, a reporter at the New York Times, stating:

> My name is Katie Rosman and I am a reporter for the New York Times. With my colleague Ken Belson, I am reporting a story that involves your client Dwight Schar. We are reporting that Daniel Snyder is nearing an agreement to pay ▮ ▮ to Mr. Schar, Mr. Smith and Mr. Rothman for their combined 40% of the Washington Football Team. We are reporting that ▮
> ▮
> ▮ We are reporting that ▮

███████████████████████████████████████████████
███████████████████████████████████ *The story is sourced* to legal documents and filings, ***and to people aware of the deal-in-progress.***  Would you or Schar like to comment for this story? If you'd like to speak on the phone, I am happy to discuss this in greater detail.

Please let me know by noon if you plan to comment or if you would like to speak. I appreciate your quick attention to this and do hope we will speak!

*See* Exhibit A to the accompanying Declaration of David L. Koche, Esq., dated December 18, 2020 (emphasis added).

5. As explained in Mr. Koche's declaration, the only persons participating directly in discussions between Plaintiffs and Mr. Snyder related to the Confidential Proposal and any related potential purchase of Plaintiffs' WFI stock by Mr. Snyder have been two attorneys for the Plaintiffs – Mr. Koche and Thomas Gibbs, Esq. – and Andrew Levander, Esq., counsel for Mr. Snyder.

6. It is clear that the information leaked to the New York Times was intended to harm Plaintiffs, to discourage the prospective purchasers who have made the Confidential Proposal, and to influence the proceedings in this Court.  The information also is false, since there is no agreed deal, and not even a term sheet, for Mr. Snyder to purchase Plaintiffs' stock in WFI.

7. There would be no logical reason for Plaintiffs to have disclosed this information to the New York Times or to have made statements to the New York Times that were disparaging of Mr. Schar.

8. Indeed, today's email from the New York Times reporter shows that the New York Times reporter was seeking comment from Plaintiffs with respect to information that the New York Times had already received from another source.

9. This Court, exercising its inherent authority to impose sanctions, may impose sanctions *sua sponte* and consider the whole of the case in choosing the appropriate sanction. *See*

*Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238 (1944) ("The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud."), abrogated on other grounds by *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.,* 369 F.3d 385, 389 n. 2 (4th Cir.2004) (court has the authority to impose sanctions *sua sponte* under either Rule 11 or under the court's inherent authority).

10. Wherefore Plaintiffs respectfully request that this Court enjoin Defendant from any further violations of this Court's November 19 Order, and impose such sanctions on Defendant as this Court deems appropriate for the violations of the November 19 Order that have already occurred.

Dated: December 18, 2020
Bethesda, Maryland

Respectfully submitted,

_____/s/_____

Adam L. Van Grack (D. Md. Bar No. 17976)
Theodore B. Kiviat  (D. Md. Bar No. 29019)
Longman & Van Grack, LLC
10411 Motor City Drive, Suite 750
Bethesda, Maryland 20817
(301) 291-5027 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com
tkiviat@lvglawfirm.com

Stephen R. Neuwirth (admitted *pro hac vice*)
Julia M. Beskin (admitted *pro hac vice*)
Jeremy Baldoni (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000 (tel.)
(212) 849-7100 (fax)
stephenneuwirth@quinnemanuel.com
juliabeskin@quinnemanuel.com
jeremybaldoni@quinnemanuel.com

Jonathan Cooper (D. Md. Bar No. 21345)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street, NW, Suite 900
Washington, DC  20005
(202) 538-8000 (tel.)
(202) 538-8100 (fax)
jonathancooper@quinnemanuel.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2020, I caused the foregoing *Emergency Motion and Memorandum* be filed electronically under seal with the Clerk of the Court through the CM/ECF system.

As required by Federal Rule of Civil Procedure 5(a), I have served the following parties with a copy of the foregoing *Emergency Motion and Memorandum* via USPS First-Class mail and with a courtesy copy through electronic mail:

> Gregg H. Levy (glevy@cov.com)
> Derek Ludwin (dludwin@cov.com)
> Benjamin C. Block (bblock@cov.com)
> COVINGTON & BURLING LLP
> One CityCenter, 850 Tenth St., NW
> Washington, DC  20001
> *Counsel for National Football League*
>
> Rachel T. McGuckian (rmcguckian@milesstockbridge.com)
> MILES & STOCKBRIDGE P.C.
> 11 N. Washington Street, Suite 700
> Rockville, MD  20850
> *Counsel for Defendant*
>
> Andrew J. Levander (andrew.levander@dechert.com)
> Neil A. Steiner (neil.steiner@dechert.com)
> DECHERT LLP
> Three Bryant Park
> 1095 Avenue of the Americas
> New York, NY 10036
> *Counsel for Defendant*
>
> Christina Guerola Sarchio (christina.sarchio@dechert.com)
> DECHERT LLP
> 1900 K Street NW
> Washington, DC  20006
> *Counsel for Defendant*

Joseph Tacopina (jtacopina@tacopinalaw.com)
TACOPINA, SEIGEL & DEOREO
275 Madison Avenue
New York, NY 10016
*Counsel for Defendant*

                                                      /s/
                                  Adam L. Van Grack (D. Md. Bar No. 17976)
                                  Longman & Van Grack LLC
                                  10411 Motor City Drive, Suite 750
                                  Bethesda, MD 20817
                                  (301) 291-7156 (tel.)
                                  (301) 291-5028 (fax)
                                  avangrack@lvglawfirm.com