| | |
|---|---|
| ROBERT ROTHMAN *et al*.<br><br>              Plaintiffs,<br><br> – against –<br><br>DANIEL SNYDER<br><br>              Defendant. | Case No. PJM-20-3290 |

# DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE COURT SEALING CERTAIN PROVISIONS IN THE STOCKHOLDERS AGREEMENT

Defendant Daniel M. Snyder, by his undersigned attorneys and pursuant to the Court's order dated December 8, 2020 (Dkt. No. 63) and the Court's direction on December 11, 2020 to submit a memorandum in support of any new and different reasons justifying additional proposed redactions, respectfully submits his Memorandum of Points and Authorities in Support of the Court Sealing Certain Provisions in the Stockholders Agreement. Accompanying this filing are Defendant's proposed redactions to the Stockholders Agreement[1], which will ensure that the provisions at issue in the above-captioned case are made public, while also maintaining the confidentiality of both the Confidential Proposal and the confidential arbitration.

---

[1] The proposed redactions are identical to those submitted by Plaintiffs as Defendant's position, and are attached hereto only for ease of reference. Defendant requests that the Court apply his proposed redactions to all versions of the Stockholders Agreement in the record.

1

# FACTUAL BACKGROUND

On March 31, 2005, Washington Football, Inc. ("WFI"), Plaintiffs and Defendant, among others, entered into the Second Amended and Restated Stockholders Agreement ("Stockholders Agreement"). The operative provisions of the Stockholders Agreement contain the parties' rights and obligations as stockholders of WFI.

On June 26, 2020, Plaintiffs certified claims against Defendant in a related matter for confidential arbitration before the NFL Commissioner. Allegations regarding the Stockholders Agreement and its operative provisions are at the heart of the NFL arbitration.

On December 10, 2020, the Court entered a redacted version of the Complaint in the above-captioned proceeding. The redacted portions of the Complaint included a Confidential Proposal made by third parties to purchase Plaintiffs' WFI stock, and the negotiations between Plaintiffs and Defendant related to that proposal. The Confidential Proposal expressly provides that the existence of the Confidential Proposal, its terms, and negotiations related to the Confidential Proposal must be kept strictly confidential and cannot be disclosed to third parties. Dkt. 9-7 (Confidential Proposal); Dkt. 9-2 (Rothman Decl.) ¶ 13. The Confidential Proposal also is expressly conditioned on unspecified changes to the Stockholders Agreement.

In its Findings of Fact and Law in Support of Sealing Complaint & Order (Dkt. No. 65) ("Court's Order"), the Court found that the contents of the Confidential Proposal and discussions among the parties and between any of the parties and the prospective purchasers concerning the Confidential Proposal was sensitive business information, the disclosure of which would cause Plaintiffs harm and put them at a competitive disadvantage. The Court further found that Plaintiffs had established that failure to keep confidential the Confidential Proposal's terms and the negotiations between the parties related to the Confidential Proposal may jeopardize the potential transaction that is the subject of the Confidential Proposal.

## DISCUSSION

For all the same reasons set forth in the Court's Order, the operative provisions of the Stockholders Agreement should be redacted as requested by Defendant. The operative provisions of the Stockholders Agreement and any proposed changes thereto are terms of the Confidential Proposal and are therefore confidential business information. *See, e.g., Barimah v. Bank of Am., Inc.,* 2016 WL 4089564, at *8 (D. Md. Aug. 2, 2016) (sealing documents that contain confidential business information regarding a party's procedures in investigating a fraud claim); *Dorsey v. TGT Consulting, LLC,* 888 F. Supp. 2d 670, 690 (D. Md. 2012) (sealing information considered to be trade secrets); *Padco Advisors, Inc. v. Omdahl,* 179 F. Supp. 2d 600, 614-15 (D. Md. 2002) (sealing exhibits on the grounds that the exhibits contain valuable trade secrets that the parties have a significant interest in protecting). Disclosure of the negotiations could have a chilling effect on the negotiations. *See e.g., Sky Angel U.S., LLC v. Discovery Commc'ns, LLC,* 95 E Supp. 3d 860, 882 D. Md. 2015) (sealing information concerning plaintiff's "relationships with third parties, including estimated revenue streams, negotiations, favorable contract terms, and other commercially sensitive information"), *aff'd,* 885 F.3d 271 (4th Cir. 2018).

Moreover, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬ in the confidential arbitration before the NFL Commissioner. There is a confidentiality order in that pending arbitration, and disclosure would cause harm to the parties business and other interests. *See e.g.*, *AT&T Mobility v. Concepcion*, 563 U.S. 333, 344 (2011) ("The point of affording parties discretion in designing the arbitration process [include] that the proceeding be kept confidential to protect" business interests); *UBS Financial Services, Inc. v. Padussis*, 127 F. Supp. 3d 483, 501 (D. Md. 2015) (holding when the parties stipulated to the confidentiality of their arbitration proceeding, documents submitted in that proceeding should be sealed); *Century Indemnity Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825, 827-28 (E.D. Pa.

2009) (granting motion to seal arbitration aware because arbitration confidentiality was common industry practice and upholding that confidentiality promote arbitration).

The provisions that inform the issues in this above-captioned case have been left unredacted in Defendant's proposed redactions, and Defendant's position in this regard is shared by the National Football League. The remaining operative provisions, which are not relevant to this dispute ███████████████████████████████ should remain confidential. There is no less restrictive alternative to sealing the redacted portions of the Stockholders Agreement to ensure these countervailing interests are served. The redactions are tailored and ensure the unredacted portions of Stockholders Agreement provide sufficient information to the public regarding the nature of the parties' dispute. The limited redactions serve to safeguard the parties' rights and legitimate interest in keeping such information private.

| | |
|---|---|
| Dated: December 14, 2020 | **MILES & STOCKBRIDGE P.C**. |
| | |
| | */s/ Rachel T. McGuckian* |
| | Rachel T. McGuckian |
| | 11 N. Washington Street |
| | Suite 700 |
| | Rockville, MD 20850 |
| | Phone: (301) 517-4816 |
| | Fax: (301) 762-0363 |
| | rmcguckian@milesstockbridge.com |
| | |
| | **DECHERT LLP** |
| | |
| | Andrew J. Levander (admitted *pro hac vice*) |
| | Neil A. Steiner (admitted *pro hac vice*) |
| | Three Bryant Park |
| | 1095 Avenue of the Americas |
| | New York, NY 10036 |
| | Phone: (212) 698-3500 |
| | Fax: (212) 698-3599 |
| | andrew.levander@dechert.com |
| | neil.steiner@dechert.com |

Christina Guerola Sarchio (admitted *pro hac vice*)
1900 K Street NW
Washington, D.C. 20006
Phone: (202) 261-3300
Fax: (212) 261-3333
christina.sarchio@dechert.com

**TACOPINA, SEIGEL & DEOREO**

Joseph Tacopina  (admitted *pro hac vice*)
275 Madison Avenue
New York, New York 10016
Phone: (212) 227-8877
jtacopina@tacopinalaw.com

*Counsel for Defendant Daniel M. Snyder*

115816\000004\4819-2740-3988.v1