UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ROBERT ROTHMAN et al.<br><br>             Plaintiffs,<br><br>– against –<br><br>DANIEL SNYDER<br><br>             Defendant. | Case No. PJM-20-3290 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION
CONCERNING VIOLATION OF THE COURT'S NOVEMBER 19, 2020 ORDER**

Plaintiffs respectfully submit this notice of supplemental authority in support of their Emergency Motion Concerning Violation of the Court's November 19, 2020 Order (Dkt. Nos. 70, 73), to notify the Court that the New York Times published on December 19, 2020, an article containing confidential information that is the subject of Plaintiffs' emergency motion. *See* Ken Belson & Katherine Rosman, *Fight for Washington N.F.L. Team May Tighten Owner's Grip on It*, N.Y. Times (Dec. 19, 2020), https://www.nytimes.com/2020/12/19/sports/football/washington-nfl-daniel-snyder.html. A true and correct copy of the article is attached as Exhibit A to this Notice.

The contents and framing of the article make clear that the confidential information was provided to the New York Times by Mr. Snyder or his agents. For example, the article states:

- "Snyder is in talks to buy out three of his partners, and the sale price may be 40 percent less than they were asking in June."

- "According to three people familiar with the plan who were not authorized to speak publicly about it, Snyder would pay up to $900 million for the 40 percent of the club owned by the three partners: [Plaintiffs Smith, Rothman, and Schar]."

- "Under the plan representatives for the partners are working out, Schar's proceeds would be reduced by millions of dollars as a penalty for trying to publicly undermine Snyder, according to three people aware of the potential penalties."

- "Amid the crossfire of letters between lawyers, Snyder asserted that Schar began a long-shot smear campaign designed to embarrass him and force him to sell the entire team."

- Mary Ellen Blair "was an executive assistant to [Snyder] until 2017 who, at the behest of Schar, helped pass negative information about Snyder to the news media."

Most of the information quoted above is false, and reflects the disclosure of confidential and sensitive negotiations in a manner that is harmful to Plaintiffs. There is no agreed deal, and not even a term sheet, for Mr. Snyder to purchase Plaintiffs' stock in WFI. Dkt. No. 73-1 ¶ 4. Representatives of the Plaintiffs are not working out a plan to reduce Mr. Schar's proceeds from a potential sale as a "penalty for trying to publicly undermine Snyder." Mr. Schar did not engage in a "smear campaign" against Mr. Snyder, and any information that Ms. Blair may have passed to the news media was not "at his behest." Plaintiffs did not provide information to the New York Times, and they have no reason to provide information that depicts them so negatively. Dkt. No. 73-1 ¶ 6. Indeed, before the article was published, the New York Times reporter emailed one of Plaintiffs' counsel to seek confirmation from Plaintiffs of information the reporter had already received from another source. Dkt. Nos. 70-1 Ex. A, 73-1 Ex. A .

Other parts of the New York Times article confirm that Mr. Snyder or his agents are the source. For example, the article describes a confrontation and a declaration prepared by Mr. Snyder's lawyers that are *known only to Mr. Snyder and his lawyers*, not Plaintiffs:

- "When Snyder's lawyers confronted Blair about her phone records late this fall, she gave a sworn declaration that has been reviewed by The Times."

The article mentions another declaration his lawyers prepared and that was made available to the Times:

2

- "In late July, [Schar] called Norman Chirite, one of Snyder's lawyers, and said that the 'story was out' about the 2009 settlement and its public disclosure is 'going to kill Dan,' according to Chirite, who gave a signed declaration that was reviewed by the Times."

The article also presents Mr. Snyder's one-sided version of a 2009 settlement of a sexual misconduct allegation against Mr. Snyder.  According to the article:

- "Two investigations conducted in 2009, one by the team and another by an outside law firm hired by the team, said they were unable to substantiate the woman's claim that Snyder accosted her in April 2009 on a flight to Washington from Las Vegas.  The team fired the woman because it said she lied to the team's lawyers."

- "To avoid any potential negative publicity if the woman sued Snyder, the team paid her a financial settlement and five people, including Snyder and the accuser, signed nondisclosure agreements, according to a person with knowledge of the arrangements who was not authorized to discuss it publicly."

This self-serving and one-sided framing of a serious accusation of sexual misconduct against Mr. Snyder, which depicts the victim as someone who "lied" and portrays the settlement solely as a payment "to avoid negative publicity if the woman sued," further confirms that Mr. Snyder or his agents are the source of the leaks of confidential information to the New York Times.

| | |
|---|---|
| Dated: December 21, 2020<br>Bethesda, Maryland | Respectfully submitted,<br><br>_____/s/_____<br><br>Adam L. Van Grack (D. Md. Bar No. 17976)<br>Theodore B. Kiviat  (D. Md. Bar No. 29019)<br>Longman & Van Grack, LLC<br>10411 Motor City Drive, Suite 750<br>Bethesda, Maryland 20817<br>(301) 291-5027 (tel.)<br>(301) 291-5028 (fax)<br>avangrack@lvglawfirm.com<br>tkiviat@lvglawfirm.com<br><br>Stephen R. Neuwirth (admitted *pro hac vice*)<br>Julia M. Beskin (admitted *pro hac vice*)<br>Jeremy Baldoni (admitted *pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 (tel.)<br>(212) 849-7100 (fax)<br>stephenneuwirth@quinnemanuel.com<br>juliabeskin@quinnemanuel.com<br>jeremybaldoni@quinnemanuel.com<br><br>Jonathan Cooper (D. Md. Bar No. 21345)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>1300 I Street, NW, Suite 900<br>Washington, DC  20005<br>(202) 538-8000 (tel.)<br>(202) 538-8100 (fax)<br>jonathancooper@quinnemanuel.com<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of December, 2020, I caused the foregoing *Notice of Supplemental Authority* to be filed electronically with the Clerk of the Court through the CM/ECF system.  As required by Federal Rule of Civil Procedure 5(a), a copy of the foregoing *Notice of Supplemental Authority* will be served on all interested parties through the CM/ECF system and is available for viewing and downloading through the CM/ECF system.

        /s/
Adam L. Van Grack (D. Md. Bar No. 17976)
Longman & Van Grack LLC
10411 Motor City Drive, Suite 750
Bethesda, MD 20817
(301) 291-7156 (tel.)
(301) 291-5028 (fax)
avangrack@lvglawfirm.com

5