LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

NICHOLAS G. GAMSE
(202) 434-5690
ngamse@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 21, 2020

Via Email & CM/ECF

Hon. Peter J. Messitte
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *Rothman v. Snyder*, No. PJM-20-3290

Dear Judge Messitte:

The Washington Post thanks the Court for its order directing the parties to file unsealed or redacted copies of their briefing on the pending motion for sanctions. *See* Dkt. No. 72. The Post respectfully requests that tomorrow's hearing on the motion for sanctions should also be opened to the public to the greatest extent possible.

The hearing on the motion for sanctions is subject to at least a common law presumption of public access. *See United States ex rel. Thomas v. Duke Univ.*, 2018 WL 4211375, at *5 (M.D.N.C. Sept. 4, 2018) (holding that, at a minimum, a common law right of access applies to materials considered by the court in connection with a motion for sanctions and that materials would be unsealed under either that standard, or the stricter First Amendment standard); *see also, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009) ("Although the Fourth Circuit thus has not explicitly held that a First Amendment right of access exists with regard to non-dispositive civil motions and hearings, the precedent strongly favors that view, with the higher burden for sealing."). And the parties cannot overcome that presumption here because the motion itself is largely public and contains only a small handful of redactions—underscoring that the sanctions dispute does not turn principally on protectable, sensitive information. *See* Dkt. Nos. 73, 73-1, 77, 77-1.

To the extent the parties need to discuss information that should legitimately remain under seal, the Court could temporarily close the hearing, just as it would under normal circumstances if the public were physically present in the courtroom. The Post believes that this could be accomplished either by utilizing the Zoom waiting room function, or by muting the public access telephone line.

WILLIAMS & CONNOLLY LLP

December 21, 2020
Page 2

      If the Court remains inclined to seal the entire hearing in spite of these less restrictive alternatives, the Post respectfully requests the opportunity to present argument on the question of public access at the start of the proceeding.

      Finally, if any portion of the hearing is not open to the public, the Post respectfully requests that the Court release a redacted copy of the transcript from the hearing at the earliest possible time. Publication of a transcript is a decidedly second-best option, however, because "the public and the press generally have a contemporaneous right of access to court documents and proceedings." *Doe v. Public Citizen*, 479 F.3d 246, 272 (4th Cir. 2014).

      Sincerely,

      Nicholas G. Gamse

      *Counsel for WP Company LLC d/b/a The Washington Post*