

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**ANDREW J. LEVANDER**

andrew.levander@dechert.com
+1 212 698 3683  Direct
+1 212 698 0483  Fax

December 29, 2020

Via Email & CM/ECF

Hon. Peter J. Messitte
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:  *Rothman v. Snyder*, No. PJM-20-3290

Dear Judge Messitte:

We represent Defendant Daniel M. Snyder in the above-referenced action. We write, in advance of the hearing scheduled for January 7, 2021, to bring to the Court's attention a violation of this Court's November 19, 2020 and December 23, 2020 Orders by Plaintiffs' investment banker and agent, John Moag. Mr. Moag, who represents Plaintiffs in the potential sale of their minority interests in non-party Washington Football, Inc. ("WFI"), filed a declaration in another matter in this Court on December 28, 2020, captioned *In Re Application of Daniel Snyder For an Order Directing Discovery from Moag & Co., LLC Pursuant to 28 U.S.C. § 1782*, No. 1:20-cv-02705-ELH. As explained more fully below, we respectfully request that Mr. Moag be required to appear and testify under oath at the January 7 hearing concerning his improper filing of the December 28 declaration and other direct and indirect communications with the press, and that the Court issue appropriate sanctions and remedial orders with respect to the violations of its Orders.

The November 19 Order directed the parties not to disparage one another or otherwise take any other action that could interfere with the potential sale of Plaintiffs' shares in WFI. And in the December 23 Order, the Court admonished the parties to refrain from disparaging one another in Court filings, and to the extent critical commentary was necessary, to make such filings under seal to provide the other parties ample opportunity for redactions to any public filing.

Yet on December 28 -- the first full business day after the December 23 Order, given the intervening Christmas holiday -- Plaintiffs' agent Mr. Moag violated this Court's directive. Specifically, Mr. Moag publicly filed a declaration in the above-referenced action accusing Mr. Snyder of engaging in "serious corporate irregularities" and other issues, "some of which are now being litigated in Judge Messitte's court and others in the ongoing

arbitration." Ex. A, ¶8. This was after unsuccessfully threatening Mr. Snyder, through text messages sent to an adviser to Mr. Snyder over the holiday weekend. Ex. B. This misconduct should not be tolerated.

As the Court may recall, at the hearing on December 22, 2020, in response to Plaintiffs' emergency motion regarding leaks of information to the press and the parties' competing denials that they were the source of the leaks, I expressed concern about communications and threats by Mr. Moag, Plaintiffs' investment banker. Hr. Tr. 15-16. The Court ordered the parties and their counsel to communicate with their staff, advisors, associates and anyone else who has reason to know about the negotiations; and to testify at an evidentiary hearing on January 7, 2021, under penalty of perjury, that they confirmed no one spoke to the media. Hrg. Tr. at 22-23. Unfortunately, those concerns about Mr. Moag were amply justified.

By way of background, Defendant brought a proceeding under 28 USC §1782 seeking discovery from Moag & Co. in this District, to discover information relevant to Mr. Snyder's defamation lawsuit pending in India. After the company failed to produce documents voluntarily or pursuant to the court's prior orders, on December 17, Moag & Co. was ordered by Magistrate Judge Copperthite to produce documents, and the parties were ordered to submit a status report by December 28th. The parties did so, and in addition, Mr. Moag took it upon himself to file a stand-alone declaration, attached hereto as Exhibit A, that goes far beyond the status of his compliance – indeed, substantial non-compliance – with the court-issued subpoena. Instead, Mr. Moag filed a headline-grabbing hit piece on Mr. Snyder describing how his clients, Plaintiffs here, learned of Mr. Snyder's alleged "serious corporate irregularities" and other issues, "some of which are now being litigated in Judge Messitte's court and others in the ongoing arbitration." Ex. A, ¶8. It is easy to parse what is public record in this Court and determine the "other issues" pending in the confidential NFL arbitration, which Plaintiffs (through Mr. Moag), have now made public in contempt of this Court's Order and otherwise.

Mr. Moag's efforts succeeded. Within hours of Mr. Moag submitting his declaration, Mr. Snyder's counsel was contacted by a reporter for *The Athletic* seeking comment on Mr. Moag's accusations of "financial irregularities." A copy of the email to counsel is attached hereto as Exhibit C, and a tweet about the declaration is attached hereto as Exhibit D. The conduct of Mr. Moag, working as Plaintiffs' agent, flies in the face of the Court's directive on December 23, 2020 reiterating the need to comply with its November 19, 2020 Order (Dkt. 31) and instructing the parties not to take any action to interfere with the right of any other party relative to this case, by way of disparagement or otherwise. *See* Dkt. 89.

In addition, Mr. Moag's declaration is riddled with lies. For instance, Mr. Moag falsely claims that he had no telephonic contact with Ms. Mary Ellen Blair on July 7, 2020. Ex. A, ¶ 10. This claim is expressly contradicted by phone records produced by Ms. Blair documenting a call from her to Moag & Co. on that date, which records were attached to Defendant's prior filings submitted to this Court. Mr. Moag's assertion is also belied by a sworn statement of one of the Plaintiffs submitted in the arbitration. Mr. Moag also makes broad-sweeping and outrageous claims, without providing any evidence (as none exists) but creating good soundbites, to include claiming that Defendant sent "intruders" to his home on August 1, 2020. *Id.*, ¶ 11.

Accordingly, Defendant respectfully requests that the Court (1) order Mr. Moag to attend the January 7, 2020 hearing and answer the Court's questions regarding his declaration and his principals' (i.e. Plaintiffs') related violations of this Court's November 19, 2020 Order, (2) produce in advance any communications between Plaintiffs and Mr. Moag, to include between counsel and other representatives, between December 22 and December 28 concerning the pending matters, including this action and the 1782 proceeding, and (3) impose any additional remedial relief and sanctions the Court deems appropriate.

Respectfully submitted,

*Andrew J. Levander*

Andrew J. Levander

cc: All Counsel of Record