## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

ROBERT ROTHMAN, DWIGHT C. SCHAR, and FREDERICK W. SMITH,

        Plaintiffs,

    v.

DANIEL SNYDER,

        Defendant.

Case No. 8:20-cv-03290-PJM

Judge Peter J. Messitte

## MOTION FOR RECONSIDERATION

WP Company LLC d/b/a The Washington Post hereby moves under Federal Rule 54(b) and Local Rule 105.10 for reconsideration of the portion of the Court's December 23, 2020 Order instructing that filings containing "negative accusations" should "not be filed publicly in unredacted form unless approved by the Court." Dkt. No. 89 (the "December 23 Order"). This portion of the December 23 Order conflicts with Fourth Circuit precedent holding that reputational concerns are insufficient to overcome the public right of access to judicial proceedings. *See Doe v. Pub. Citizen*, 749 F.3d 246, 269-70 (4th Cir. 2014). Consistent with that principle, the parties represented in their responses to the Post's motion to intervene that they were not seeking to seal the record to protect their reputations. In addition, the December 23 Order lacked "reasons—with specific findings—supporting closure and [the Court's] rejections of less drastic alternatives." *Id.* at 272. For these reasons, the Court should reconsider the December 23 Order and direct that all filings be publicly docketed absent a rigorous justification at the time of filing for why a document or record should be sealed pursuant to the Court's December 17, 2020 Supplemental Opinion and Order (the "Motion to Seal Order").

## GOVERNING STANDARD

"The Court has authority to reconsider its prior, non-final orders pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. . . .  [I]ts revisory authority is essentially unfettered." *In re Wallace & Gale Co.*, 284 B.R. 557, 558 (D. Md. 2002) (Messitte, J.), *aff'd*, 385 F.3d 820 (4th Cir. 2004).  The "goal" of Rule 54(b) motions is to permit the Court "to reach the correct judgment under law."  *Rybas v. Riverview Hotel Corp.*, 2015 WL 11027598, at \*2 (D. Md. Feb. 4, 2015).  Reconsideration is particularly appropriate where an order conflicts with circuit precedent or otherwise reflects clear error.  *See, e.g.*, *id.*

## ARGUMENT

I.      **UNDER CONTROLLING FOURTH CIRCUIT PRECEDENT, ALLEGATIONS CAUSING REPUTATIONAL HARM CANNOT OVERCOME THE PUBLIC'S RIGHT OF ACCESS TO THE PROCEEDINGS.**

As the Fourth Circuit has recognized, reputational concerns are generally insufficient to overcome the public's right of access and justify sealing.  *See Doe v. Pub. Citizen*, 749 F.3d 246, 269-70 (4th Cir. 2014).  "Adjudicating claims that carry the potential for embarrassing or injurious revelations about a [party's] image" is simply "part of the day-to-day operations of federal courts."  *Id.* at 269.  Thus, regardless of the subject matter of the case, "the public and press enjoy a presumptive right of access to civil proceedings and documents filed therein, notwithstanding the negative publicity those documents may shower upon" a party.  *Id.*

In *Doe*, the Fourth Circuit explained that the weight of authority on this issue is so great that it was "unaware . . . of *any case* in which a court has found a company's bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access."  *Id.* (emphasis added).  The court of appeals further emphasized that "*every case we have located*" held that reputational interests were insufficient to overcome the right of public access even "under the less demanding common-law standard."  *See id.* at 269-70 (emphasis

2

added) (citing *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 225 (6th Cir. 1996);

*Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Cent. Nat'l*

*Bank of Mattoon v. U.S. Dep't of Treasury*, 912 F.2d 897, 900 (7th Cir. 1990); *Wilson v. Am.*

*Motors Corp.*, 759 F.2d 1568, 1570–71 (11th Cir. 1985); and *Littlejohn v. Bic Corp.*, 851 F.2d

673, 685 (3d Cir. 1988)).  To be sure, a party might "possess a strong interest in preserving the

confidentiality of its proprietary and trade secret information," but reputational concerns alone

will not suffice.  *Id.* at 269.

In the briefing on the Motion to Seal, neither of the parties suggested that pleadings or

exhibits should be sealed to protect their reputations.  To the contrary, in response to the Post's

argument that reputational interests could not justify sealing, *see* Dkt. No. 39-1, at 8-9, the

parties specifically *disclaimed* that they were seeking to seal the record for that reason, *see* Dkt.

No. 51, at 8-9 (stating that Plaintiffs have not asserted "harm to commercial reputation" or a need

to "protect . . . corporate image" as justifications for sealing); Dkt. No. 54, at 6 n.2 (stating that

cases concerning harm to corporate reputation are inapposite because the only concern here is

"obligations to third parties").  Hewing to the parties' asserted justifications for sealing, the

Court's December 17 Motion to Seal Order only contemplated three bases on which portions of

the record could potentially be shielded from public view:  to protect "(1) confidential business

information, including the confidential proposal to purchase Plaintiffs' shares in WFI; (2)

information pertaining to confidential arbitration proceedings involving the same parties; and (3)

private personal information."  Dkt. No. 69, at 5.  The Court's order nowhere indicated that

"negative accusations" could justify withholding pleadings or exhibits from the public eye.

The Post respectfully submits that a standing order that all filings with "negative

accusations" must be presumptively submitted under seal not only conflicts with clear Fourth

3

Circuit precedent; it also rests on a justification that the parties never asserted when they asked

the Court to maintain all or part of the proceedings under seal.  These reasons alone provide a

sufficient basis for reconsidering the December 23 Order.

## II.    THE DECEMBER 23 ORDER IS SUPPORTED BY NEITHER "REASONS—WITH SPECIFIC FINDINGS—SUPPORTING CLOSURE," NOR THE "REJECTIONS OF LESS DRASTIC ALTERNATIVES."

The Fourth Circuit has held that a sealing order must be supported by "reasons—with

specific findings—supporting closure and its rejections of less drastic alternatives."  *Doe*, 749

F.3d at 272.  There is no such support for the relevant portion of the December 23 Order.

In the December 23 Order, the Court stated that filings containing "negative accusations"

should be sealed "to assure compliance with the nondisparagement provision of the Court's

[TRO] order of November 19, 2020."  Dkt. No. 89.[1]  However, the December 23 Order sweeps

far more broadly than the TRO.  The TRO prohibited any party from "tak[ing] any action to

interfere with the rights of any other party relative to this case (*e.g.*, by way of disparagement or

otherwise)."  Dkt. No. 31, at 2.  In other words, it proscribed "disparagement" only to the extent

it interfered with the rights of another party.  But it is not the case that each and every "negative

accusation[]" in a court filing rises to the level of interference with another party's contractual

(or other) rights.  To the contrary, negative accusations are "part of the day-to-day operations of

federal courts."  *See Doe*, 749 F.3d at 269.  And here, there have been no "specific findings" to

support an Order that requires sealing of pleadings that would not violate the TRO.  *Id.* at 272.

There has also been no "rejection of less drastic alternatives" to presumptive sealing.  To

the extent a particular filing does violate the nondisparagement provision of the TRO, both the

---

[1] The TRO Order was entered while the case was still entirely under seal, without public notice and prior to the intervention of the Post.

parties and the Court have tools at their disposal other than sealing to address noncompliance.  A

party may move to strike any portion of a pleading containing "impertinent" or "scandalous

matter."  Fed. R. Civ. P. 12(f).  It may also move for sanctions under Rule 11.  *See* Fed. R. Civ.

P. 11.  And the Court has the inherent power to hold a party in contempt for violation of its

orders, as the Court has specifically noted in this very case.  *See, e.g.*, Dec. 22, 2020 Hr'g T. at

14:22-15:1 ("[C]ontempt is a significant finding in the course of a court proceeding, and I

haven't hesitated to do that in other cases.").  Any of these tools offers a means of effectuating

compliance that does not interfere with the public's right of access to judicial proceedings.

Those alternatives have not been rejected as inadequate here, and the December 23 Order

therefore falls short of the Fourth Circuit's sealing requirements.  *See Doe*, 749 F.3d at 272.

**III.   THE DECEMBER 23 ORDER DEPRIVES THE PUBLIC OF
          "CONTEMPORANEOUS" ACCESS TO DOCUMENTS IN THE RECORD.**

In less than two weeks following the December 23 Order, the parties have already made

multiple filings under seal.  *See* Dkt. Nos. 92, 95, 104.  As a result, the public has been deprived

of the "contemporaneous" access to these records to which it is presumptively entitled.  *See Doe*,

749 F.3d at 272.  Certain of these filings remain dubiously under seal.[2]  The Post is harmed by

the December 23 Order because it is actively reporting on the Washington Football Team

---

[2] The attachments to Andrew Levander's December 29, 2020 letter remain under seal, despite the
fact that they include public documents, such as a declaration that was (and still is) publicly filed
on another federal court's docket.  *See* Dec. 28, 2020 Decl. of John Andrew Moag, Jr., *In re
Application of Daniel Snyder for an Order Directing Discovery from Moag & Co., LLC
Pursuant to 28 U.S.C. § 1782*, No. 20-cv-2705-ELH (D. Md.) (Dkt. No. 30).  There is no basis
for this Court to seal pleadings from another federal case where the underlying court has not
chosen to do so.  (While Mr. Snyder filed an Order to Show Cause seeking to have the
declaration stricken from the record, he did not do so on an expedited basis, no response has
been filed, and the court has taken no action.)  To take another example, Mr. Moag's January 5
letter submitted in this case remains sealed, notwithstanding his statement that he "has no
objection to unsealing the letter in its entirety."  *See* Dkt. No 103.  These documents should
promptly be unsealed.

ownership dispute, including this case, and derives substantial value from its ability to promptly access court filings in order to keep its readers and the general public informed about the dispute.

## CONCLUSION

For these reasons, the Post respectfully requests that the Court reconsider the portion of its December 23, 2020 Order providing that filings containing "negative accusations" should "not be filed publicly in unredacted form unless approved by the Court." The only filings that should be submitted under seal are those squarely within the scope of the Court's December 17, 2020 Motion to Seal Order, which does not contemplate redactions for reputational reasons. All other submissions should be publicly filed, unless they are accompanied by a new motion to seal.

Dated: January 6, 2021                         Respectfully submitted,

                                                 /s/ Thomas G. Hentoff
                                                Thomas G. Hentoff (Bar No. 11384)
                                                Nicholas G. Gamse (*pro hac vice*)
                                                Katherine Moran Meeks (*pro hac vice*)
                                                Hope Daily (Bar No. 20942)
                                                WILLIAMS & CONNOLLY LLP
                                                725 Twelfth Street, N.W.
                                                Washington, DC 20005
                                                Phone: (202) 434-5000
                                                Fax: (202) 434-5029
                                                thentoff@wc.com
                                                ngamse@wc.com
                                                kmeeks@wc.com
                                                hdaily@wc.com

                                                *Attorneys for WP Company LLC d/b/a The*
                                                *Washington Post*

## CERTIFICATE OF SERVICE

I, Thomas G. Hentoff, hereby certify that on January 6, 2021, I electronically filed the

foregoing Motion for Reconsideration by CM/ECF.  As required by Federal Rule of Civil

Procedure 5(a), all parties required to be served have been served.


/s/ Thomas G. Hentoff
*Counsel for Intervenor WP Company LLC d/b/a*
*The Washington Post*