

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**ANDREW J. LEVANDER**

andrew.levander@dechert.com
+1 212 698 3683 Direct
+1 212 698 0483 Fax

January 6, 2021

**VIA EMAIL/UNDER SEAL**

Hon. Peter J. Messitte
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

**Re:** *Rothman v. Snyder*, **No. PJM-20-3290 (D. Md.)**

Dear Judge Messitte:

On behalf of Defendant Daniel M. Snyder, I write in response to counsel for John Moag's letter filed yesterday with the Court and respectfully to request that the Court provide an instruction at the start of the hearing scheduled for Thursday, January 7, 2021, reminding the witnesses to abide by the Court's prior orders regarding confidentiality and non-disparagement. *See* Dkts. 31, 89.

In Mr. Murphy's letter, he represents that Mr. Moag "has no personal knowledge about a number of other tawdry allegations that have surfaced about Mr. Snyder," that he is simply "trying to close a deal with a buyer," and "has no business reason to disparage Mr. Snyder in the media." Jan. 5, 2021 Letter from William J. Murphy at 2. Mr. Moag's prior conduct, however, directly contradicts his counsel's representations to this Court. The record is clear that Mr. Moag threatened Mr. Snyder, directly and indirectly through one of his advisors, in an effort to force a transaction. On September 17, 2020, Mr. Moag texted Mr. Snyder the following:

- If you continue your game, you know what I know and what I have never spoken about. And you know this has nothing to do about the media shit….it's the more serious shit. If you want to get a clean conclusion, let me know. If you want a shit show, we are on for that too. Dkt. 27-9.

Then, in a telephone discussion on October 2, 2020, between Mr. Moag and an advisor to Mr. Snyder, Mr. Moag made numerous threats to "encourage" Mr. Snyder to complete a



deal. On November 4, 2020, during another call between Mr. Moag and the same advisor to Mr. Snyder, Mr. Moag again made threatening statements directed at Mr. Snyder.

Mr. Moag's December 26, 2020 texts to Mr. Snyder's advisor must be viewed against this backdrop. In full context, it is clear that Mr. Moag's ominous warning that Mr. Snyder "seriously needs some type of closure to all of this" was a threat of continued retribution.[1] Dkt. 97-2. Indeed, just two days later, on December 28, 2020, Mr. Moag filed his affidavit disparaging Mr. Snyder. Dkt. 97-1. Thus, there is simply no merit to the assertion that Mr. Moag was not trying to threaten Mr. Snyder, through his advisor, in the December 26 texts.

Moreover, counsel's contention that "[n]either Mr. Moag nor his counsel [were] aware of this Court's December 23 order" strains credulity for three reasons. First, by the time Mr. Moag filed his December 28, 2020 declaration before Judge Hollander, the Court's November 19th order barring the parties from disparaging one another and leaking confidential information had been publicly filed and widely reported in the press.[2] The terms of the Court's subsequent December 23rd order similarly were widely reported.[3] Second, Mr. Moag's counsel's letter states that the purpose of the December 28 declarations by Mr. Moag and his counsel, Joe Reeder, was "to show Judge Hollander that

---

[1] Mr. Moag's contention that he does not have a copy of his texts over the Christmas holiday weekend to Mr. Synder's advisor, or does not know what texts are being referred to in my December 29, 2020 letter, is unbelievable on its face.

[2] *See* Liz Clarke, et al., *Tensions rise in Washington Football Team ownership breakup, unsealed court filings show*, WASH. POST, (Dec. 19, 2020, 1:02 PM EST) (noting that Plaintiffs asked the Court to sanction Mr. Snyder "for violating a Nov. 19 court order barring all parties from leaking information about negotiations, disparaging one another or otherwise interfering with the process"), https://www.washingtonpost.com/sports/2020/12/19/dan-snyder-minority-owners-feud/.

[3] *See* Michael Mccann, *Snyder Claims Extortion as Judge Rebukes Parties in Washington Football Case*, SPORTICO, (Dec. 24, 2020, 12:00 PM) (quoting the Court's December 23rd order that filings with negative accusations should not be filed publicly in unredacted form unless approved by the court); https://www.sportico.com/law/news/2020/dan-snyder-extortion-1234619112/; Will Hobson, et al., *Daniel Snyder, in court filing, calls sexual misconduct allegation 'meritless,'* WASH. POST, (Dec. 23, 2020, 10:11 PM EST) (noting that the parties would have to appear personally at the January 7th virtual hearing "to discuss the dueling allegations of leaking information to the news media"), https://www.washingtonpost.com/sports/2020/12/23/daniel-snyder-response-allegations/.




some of Mr. Snyder's discovery demands in the § 1782 action actually sought information for use in *this* action." Jan. 5, 2021 Letter from William J. Murphy at 2 (emphasis added). That Mr. Moag and his counsel would submit declarations concerning this action while simultaneously pleading ignorance of these proceedings is simply not believable. Third, the Court specifically instructed the parties on December 23rd to "personally inquire of [their] advisors and associates, including any individuals who might have reason to know, whether they have personally provided or know of any person who may have provided information to any members of the press that might conflict with the confidentiality and nondisparagement provisions of the Court's order of November 19, 2020." Dkt. 86. Even without the Court's specific direction, it is not plausible that Plaintiffs would not promptly update the financial advisor supposedly attempting to negotiate the sale of their shares about significant developments in the litigation. Indeed, Mr. Moag's declaration references this litigation, showing that he was not only aware of these proceedings, but had an understanding from his clients, Plaintiffs here, as to its basis. Dkt. 97-1, ¶ 8. Alternatively, if Mr. Moag is in fact being truthful in his representation that he knew nothing of this Court's orders until December 29th, it strongly suggests that Plaintiffs disregarded this Court's directives.

In light of Mr. Moag's threats, his propensity to include false, inflammatory, and outrageous claims concerning Mr. Snyder before courts in this District, and his counsel's request that he be given an opportunity in open court to "correct" the public record, we respectfully request that the Court, at the outset of the January 7th hearing, instruct all testifying witnesses not to spontaneously reveal salacious information, which would violate the non-disparagement provision of the Court's November 19 Order.

Sincerely,

*/s/ Andrew J. Levander*

Andrew J. Levander

cc:   Counsel to Plantiffs
      Counsel to Mr. Moag
      Counsel to the NFL